19784

Carol K. EAGERTON, Respondent, v. Hoyt L. EAGERTON, Jr., Appellant.

(203 S. E. (2d) 380)

*Messrs. Baker & Ethridge,* of Darlington, *for Appellant,*

*C. Weston Houck, Esq.,* of Florence, *for Respondent,*

March 5, 1974.

Moss, Chief Justice:

Carol K. Eagerton, the respondent herein, and Hoyt L. Eagerton, Jr., the appellant herein, were married on July 31, 1953, and two children were born of this marriage, both of whom are under fourteen years of age.

The respondent, on February 18, 1972, brought an action seeking the right to live separate and apart from the appellant and for custody of the two minor children. She also sought alimony for herself and support for the minor children.

This case was tried before the Honorable W. T. Mc-Gowan, Jr., Judge of the Civil and Criminal Court of Florence County, who thereafter entered an order on April 21, 1972, granting the respondent the right to live separate and apart from the appellant and awarding her the custody of the two children and directing the appellant to pay her $1,000 per month as alimony and $400.00 per month for the support of each of the children.

Thereafter, on December 13, 1972, the respondent commenced contempt proceedings against the appellant alleging his failure to make the monthly payments of alimony and support for herself and the children for the months of October, November, and December, 1972, in accordance with the decree of April 21, 1972. A Rule to Show Cause was issued but no written return thereto was made by the appellant. A hearing was held pursuant to the Rule to Show Cause and at such time the appellant appeared with counsel. At the hearing the testimony of the parties was taken. At the conclusion thereof, the appellant moved the trial judge to terminate, suspend or reduce the total payments required by the prior order upon the basis of a change in his financial condition, resulting from his inability to work. Thereafter, by order dated February 3, 1973, the trial judge found the appellant in contempt of his prior order and granted the respondent

judgment against him for all past due sums of alimony and child support. The appellant prosecutes this appeal from this latter order.

The appellant charges that the trial judge erred or abused his discretion in refusing to terminate, suspend or reduce the award of alimony and support contained in his order of April 21, 1972, because of a change in condition.

It appears that the appellant was a practicing dentist in the city of Florence and had a partnership arrangement with the Sexton-Shealy Dental Clinic, from which, for the years 1968-1971, he had income varying from $180,000 to $203,000 per year. It appears that the appellant's right arm was fractured as a result of a pistol wound inflicted on June 10, 1972, by one Willis Moore. On September 1, 1972, the appellant's relationship with the dental clinic was terminated; however, for the year 1972, the appellant had income from the clinic of $200,000, upon which he was required to pay state and federal income taxes in the amount of $100,000. Additionally, the appellant received from the capital account of the dental clinic the sum of $6,000. He also received $4,000 in disability insurance because of his injury. The appellant admits that he owns two mortgages and receives monthly payments thereon of $448.00. It appears that for the year 1972, the appellant had net income after taxes of in excess of $100,000 all of which he claims to have spent.

Subsequent to his injury and prior to this proceeding, the appellant admitted that he had visited Miami, the Bahamas, Las Vegas, the State of Arizona, and the Dominican Republic, where he remained one day in order to obtain a divorce from the respondent.

The trial judge, based upon the evidence before him that the appellant had income in excess of $200,000 for the year 1972, held that there was no justifiable reason for him not paying to the respondent the alimony and child support payments provided for in the original order. We agree. In so

holding, we find no abuse of discretion or error of law on the part of the trial judge. The evidence in this record does not warrant the conclusion that the appellant was unable to pay the alimony and child support payments in question because of impaired financial condition or his physical disability.

When this case was orally argued before us, it was admitted that there is a divorce proceeding pending in the lower court between the parties to this action. At issue in such proceeding is the question of whether the financial ability of the appellant has changed since the rendition of the original judgment herein. At such hearing both parties will have an opportunity to be heard and introduce evidence relevant to the issues, and based thereon the court may make such order and judgment as justice and equity shall require.

We have considered the second question presented by the appellant and find it to be without merit.

The judgment of the lower court is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD, and LITTLEJOHN, JJ., concur.