20071

Carol K. EAGERTON, Respondent, v. Hoyt L. EAGERTON, Appellant.

(217 S. E. (2d) 146)

E. N. Ziegler, Esq., of Florence, for Appellant,

*C. Weston Houck, Esq.,* of Florence, *for Respondent,*

July 22, 1975

BUSSEY, Justice:

This action originated by complaint of the respondent-wife dated February 18, 1972, seeking separate maintenance and support, against appellant-husband. By order dated April 21, 1972, the lower court ordered, among other things, that appellant pay One Thousand ($1,000.00) Dollars per month as alimony and Eight Hundred ($800.00) Dollars per month child support, based on testimony indicating that the appellant, a dentist had income from 1968 through 1971 of sums varying from One Hundred Eight Thousand ($108,000.00) Dollars to Two Hundred Three Thousand ($203,000.00) Dollars per year. That order was not appealed from by either party.

Respondent next commenced contempt proceedings against appellant seeking to compel payment of such sums as appellant had failed to pay under the foregoing order, through December, 1972. In the course of a hearing in that proceeding appellant moved before the trial judge to terminate, suspend or reduce the sum of the total support payments on the basis of an alleged change in his financial condition. The trial judge refused such modification, found the appellant in contempt and granted judgment against him for all past due sums of alimony and child support. Such judgment was affirmed on appeal to this Court. *Eagerton v. Eagerton*, 262 S. C. 206, 203 S. E. (2d) 380 (1974).

Thereafter appellant filed a motion dated April 6, 1973 seeking a modification of previous orders based on an alleged material change of condition in his health and financial ability to pay. Following such, the respondent filed her petition and rule to show cause seeking, among other things, judgment against appellant for past due alimony and child support as well as payment of her attorney's fees and costs. A hearing was held on July 9, 1974, and the lower court, by order dated August 12, 1974, refused to modify its previous orders and granted respondent a money judgment for $35,000.00 accumulated alimony and child support.

Additionally, appellant was ordered to pay respondent's attorney's fees and costs in the amount of $5,166.46, which was for attorney's fees and costs incurred for services from December 18, 1972 to the date of the order.

The appellant-husband contends that the lower court erred in refusing to give him credit against his arrearage for the sum of $1,882.92 expended by him to or for the benefit of his children. Such amount represents $400.00 paid directly to the children and some $1,482.92 paid by him for school tuition, dancing lessons and clothing for the children. There was clearly no error on the part of the lower court in this respect under the authority of *Mixson v. Mixson,* 253 S. C. 436, 171 S. E. (2d) 581 (1969).

The husband next contends that the lower court erred, or abused its discretion, in failing to vacate or modify the ordered alimony and child support payments for the period from January, 1973 through May, 1974 because of a material change in the financial ability of the appellant during such period of time. While there is evidence that he was partially disabled during a portion of this period of time and that due to a change in his professional employment his earning capacity was substantially reduced, we are not satisfied that there was any abuse of discretion on the part of the lower court in failing to grant any such modification as prayed for by the appellant-husband. As shown by the prior appeal, he had an earning capacity in the year 1972 of $200,000.00, and at the time of the last hearing he had returned to an earning capacity of at least $100,000.00 per annum. In the intervening time of reduced earning capacity the record would indicate that he was a man of sufficient property and means to meet the ordered payments if minded to do so.

Finally it is contended by the appellant that compelling him to pay his wife's attorney's fees and costs, in a separate maintenance proceeding, constituted arbitrary discrimination

based on sex in violation of the equal protection clauses of both federal and state constitutions.

It is well settled that a constitutional question not raised or passed upon in the lower court cannot be raised for the first time on appeal. *Darden v. Witham,* 263 S. C. 183, 209 S. E. (2d) 42. We are of the view that the constitutional issue now urged by the appellant was not timely or appropriately raised in the lower court. The order of the lower court contains the following language to which no exception has been taken. "No objection was made to the amount of said attorney fees, and the only objection was on the ground that the defendant should not be obligated to pay for the attorney of his wife any more than she should be obligated to pay for his attorney."

We do not think the quoted objection was sufficient to raise and preserve the constitutional issue now argued. Obviously the trial judge did not construe the objection as raising a constitutional issue as his full and comprehensive order makes no mention of such.

There is no statute in this State with respect to either attorney's fees or alimony in an action for separate support and maintenance. Such proceedings from the beginning have been within the equity jurisdiction of the courts of this State and when these courts assumed such jurisdiction they also assumed jurisdiction over all incidents necessary to the enforcement and enjoyment of a wife's right to support and maintenance, and accordingly assumed jurisdiction of the right or power to grant suit money as a necessary incident essential to the enforcement of the primary right of the wife. *Smith v. Smith,* 51 S. C. 379, 29 S. E. 227. The wife's entitlement to separate support and maintenance in this case has long since been adjudicated and her right thereto is not challenged on any ground, constitutional or otherwise. It is entirely too late, we think, to now challenge on constitutional grounds her right to recover an attorney's fee which is only an incident to the

enforcement of her unchallenged right to separate support and maintenance.

But even if we concluded that the issue was properly before us, appellant cites no in point authority in support of his contention. The attorney's fee which the appellant has been ordered to pay was incurred as a result of his failure to discharge his adjudicated liability for the support of his children and his wife and in the course of the steps which became necessary in a court of equity, including the prior appeal in this case, to force him to discharge such adjudicated liability. Certainly compelling him to pay an attorney's fee incurred for the purpose of forcing him to support his children could not possibly constitute an unconstitutional discrimination based on sex.

While we do not deem the constitutional issue to be properly before us, the only in point authorities coming to our attention are *contra* to appellant's contention. In the case of *Stern v. Stern,* 165 Conn. 190, 332 A. (2d) 78 (1973), the Supreme Court of Connecticut held that a statute providing for temporary alimony for a wife, but not for a husband, was not violative of the equal protection clauses of either the Constitution of Connecticut or that of the United States. To the same effect is the case of *Murphy v. Murphy,* 232 Ga. 352, 206 S. E. (2d) 458, cert. denied, —— U. S. ——, 95 S. Ct. 1656, 44 L. Ed. (2d) 87.

We deem appellant's exceptions to be without merit and the judgment below is accordingly,

Affirmed.

Moss, C. J., and LEWIS, LITTLEJOHN and NESS, JJ., concur.