1017

Anne B. RATCHFORD, Appellant v. Clyde B. RATCHFORD, Respondent.
(368 S. E. (2d) 214)

Court of Appeals

*Timothy G. Quinn* of *Ellison & Quinn*, Columbia, *for appellant.*

*C. Dixon Lee, III*, Columbia, *for respondent.*

Reheard Dec. 15, 1987.

Decided March 14, 1988.

*Per Curiam:*

This Court's previous Opinion Number 1017, filed September 8, 1987, is withdrawn and replaced herewith.

Anne B. Ratchford (the wife) petitioned the Family Court for an order (1) holding Clyde B. Ratchford in contempt for failure to pay alimony and child support, (2) providing for an increase in alimony, (3) requiring the husband to make future support payments through the Family Court and (4) awarding her attorney fees. The husband counterclaimed for a reduction in alimony and child support. The appealed order of March 7, 1986, denied the relief sought by the wife, reduced child support and refused the wife attorney fees. We vacate in part, reverse and remand.

In our first opinion, we reversed and remanded for further consideration. The husband petitioned for rehearing. After the rehearing, we discovered a defect in the subject matter jurisdiction of the Family Court. The parties' property settlement agreement which was incorporated but not merged into the Family Court decree predates the Supreme Court's

decision in *Mosely v. Mosier*, 279 S.C. 348, 306 S.E. (2d) 624 (1983). Thus arises the question of subject matter jurisdiction. We raised this defect *ex mero motu* and requested briefing from the parties. *Fielden v. Fielden*, 274 S.C. 219, 262 S.E. (2d) 43 (1980) (appellate court should raise subject matter jurisdiction on its own motion).

The language of the parties' agreement clearly evidences an intent that the agreement retain its contractual nature despite subsequent incorporation in the divorce decree. Both parties now concede that the Family Court was without subject matter jurisdiction as to spousal support matters. The Family Court's order, therefore, with the exception of matters related to child support, is hereby vacated as void for lack of subject matter jurisdiction. As to child support, it is reversed and remanded as provided herein.

The Family Court retains continuing jurisdiction to enforce and modify child support despite any provisions of the parties' agreement. *Mosely v. Mosier, supra.* Where there is an agreement regarding child support, however, the Family Court should not decide support issues as if there is no agreement. *See, Forsythe v. Forsythe*, 290 S.C. 253, 349 S.E. (2d) 405 (Ct. App. 1986). A parent can contractually obligate himself beyond the support requirements imposed by law. *Stanaland v. Jamison*, 275 S.C. 50, 268 S.E. (2d) 578 (1980).

In the case at bar, the agreement provides that the father would pay four hundred ($400.00) dollars per month in child support until the youngest child reaches the age of twenty-one (21) years. Subsequently, the father unilaterally reduced the amount to three hundred ($300.00) dollars per month because the mother is now employed. The mother sought recovery of the arrearage and an order requiring that future payments be made in the full amount.

As in *Moseley v. Mosier, supra,* the mother's relief on remand is a request for specific performance of the agreement. Nothing indicates that the child's needs have changed. The only relevant inquiry by the Family Court, therefore, is whether or not the father is able to comply. If the father can comply, he must do so; if not, then the Court may judicially

set a smaller amount of temporary child support.

The record below is insufficient to decide the relevant questions. On remand, the Family Court shall determine the amount of arrearage, if any, accrued under the agreement and shall order the father to pay same, unless the Court determines the father is unable to specifically perform the terms of the agreement as discussed above.

Also, the Family Court shall determine if the mother is entitled to attorney's fees under the agreement for specific enforcement of the child support provisions. Finally, the Family Court shall reconsider the Wife's request that future payments be made through the Family Court. Each party shall bear their own costs and attorney's fees for this appeal.

Vacated in part, reversed and remanded.