1270

Daniel B. VESTAL, Appellant v. Marcy P. VESTAL, Respondent.

(375 S. E. (2d) 355)

Court of Appeals

*Raymond K. Benton, Jr.*, Charleston, *for appellant.*

*James B. Richardson, Jr.*, Columbia, *for respondent.*

Heard Nov. 16, 1988.

Decided Dec. 15, 1988.

SHAW, Judge:

Appellant, Daniel B. Vestal, brought this action against respondent Marcy P. Vestal, seeking termination of alimony payments and a reduction in child support. From an order denying both, Mr. Vestal appeals. We affirm in part and remand.

The parties were married in 1972 and divorced in 1981. They have one child from the marriage, Christopher, who was born in 1977. Under their divorce decree. Mrs. Vestal was awarded custody of the child and Mr. Vestal was ordered to pay $225 monthly child support and $225 monthly alimony. Mr. Vestal brought this action based on a substantial change in circumstances. In his petition he alleged (1) Mrs. Vestal had increased her educational and financial position, (2) Mr. Vestal had remarried and was the sole support of his present wife and her three children, and (3) Mr. Vestal had suffered a substantial cut in pay.

We first address the issue of termination of alimony. ■ Following a hearing, the trial judge denied the relief sought by Mr. Vestal finding he failed to show substantial change of circumstances. A review of the record discloses an error on the part of the trial judge necessitating a remand of this case for redetermination of the issue of alimony.

The evidence discloses that at the time of the 1981 divorce decree, Mr. Vestal was an Air Force captain netting approximately $1800 per month. He has a degree in biology and nursing and, at the time, was serving as an Air Force nurse. In December of 1986, Mr. Vestal was released from active duty as a captain and enlisted to stay in the service. Mr. Vestal explained he chose this avenue as he had been passed over once for major and was soon up for his second selection. He stated the Air Force regulations had changed such that "if you're twice passed over, you receive your severance pay, you're out the door, you cannot retire, you cannot enlist." He noted the chance of attaining major on a second selection was less than one percent. He weighed his financial benefits and concluded it was best for him to enlist. He testified as a civilian nurse, he would have to pay for rent, utilities and health insurance which are covered by the military. Thus working as a civilian nurse would net him less than his current military pay given his military benefits. Further, by staying in the service, he could retire in a little over seven years and receive a captain's retirement. Mr. Vestal now nets around $1,000 a month.

The trial judge concluded Mr. Vestal had voluntarily sacrificed his present earnings and such a voluntary reduction did not constitute a substantial change of circumstances. We disagree. It is evident from the record Mr. Vestal was forced to make a decision which would benefit him financially in both the long run and the short run. Had he chosen not to seek his release as a captain and enlist, he may very well have been completely separated from the service. Mr. Vestal testified this risk was high, and there is no evidence to the contrary.

The evidence further reveals Mrs. Vestal's income has increased substantially since the 1981 divorce decree. She admitted she now makes $16,812 annually, nearly twice as much as she made in 1981. For the foregoing reasons, we remand the case for reconsideration of the alimony issue.

Mr. Vestal also requested a reduction in child support which the trial judge denied. While there has been a reduction in Mr. Vestal's income, we find it insufficient to allow a reduction in child support. The law in South Carolina is clear that both parents have an obligation to

contribute to the support of their children. *See Sauls v. Sauls*, 287 S. C. 297, 337 S. E. (2d) 893 (Ct. App. 1985). Mr. Vestal has voluntarily assumed the financial responsibility of his new wife and her three children, and his own child should not be forced to suffer the consequences. Mr. Vestal has the means to contribute to the support of his son, Christopher, in the amount of $225 a month and that portion of the trial judge's order is affirmed.

Affirmed in part and remanded.

BELL and CURETON, JJ., concur.