1556

Gary T. FISCHBACH, Respondent v. Alma TUTTLE, Appellant.
(397 S.E. (2d) 773)

Court of Appeals

*James E. Whittle, Jr.*, Aiken, *for appellant.*

*John W. Harte*, Aiken, *for respondent.*

Heard Sept. 18, 1990.

Decided Oct. 22, 1990.

SHAW, Judge:

Respondent Gary T. Fischbach instituted this action against his former wife, appellant Alma Tuttle, seeking to re-

duce his child support obligation for their minor daughter. From an order granting a reduction in child support, Mrs. Tuttle appeals. We reverse in part and affirm in part.

The parties were married on December 20, 1974 and divorced December 4, 1987. In March 1987, Mrs. Tuttle was awarded custody of the parties' daughter and support in the amount of $1,350 per month pursuant to an action for separate maintenance. At the divorce hearing, heard in October 1987, Dr. Fischbach sought a reduction in the previously ordered child support. This request was denied on the basis that there was no evidence that Dr. Fischbach's income was significantly different from that at the time of the separate maintenance hearing. Dr. Fischbach was, however, allowed to claim the daughter as a dependent for tax purposes.

At the hearing on this matter, Dr. Fischbach admitted his monthly income remained the same as it was in October of 1987. Dr. Fischbach testified Mrs. Tuttle's financial position had strengthened since she had remarried and had purchased a house. He stated his daughter's needs had not changed since 1987.

Mrs. Tuttle testified she remarried in February, 1988. She and her current husband have a child who was four months old at the time of this hearing. When she remarried, Dr. Fischbach's $300 monthly alimony obligation was terminated. Her income has decreased since the October 1987 hearing in that she was attending school and therefore working fewer hours. She also stated her daughter's needs had not changed since 1987.

The trial judge found Dr. Fischbach's income had not changed since the parties' divorce. However, he reasoned that because Mrs. Tuttle remarried and had another child, adding two more people to the household, the daughter's share of basic household expenses had been reduced. He thus ordered a reduction in Dr. Fischbach's child support obligation to $890 monthly. Mrs. Tuttle appeals this reduction.

The issue of child support is subject to continuing review by the family court. *Stevenson v. Stevenson*, 276 S.C. 475, 279 S.E. (2d) 616 (1981). Child support may be modified upon a proper showing of a change in either the child's needs or the supporting parent's financial ability. *Calvert v. Calvert*, 287 S.C. 130, 336 S.E. (2d) 884 (Ct. App.

1985). To warrant a modification in child support, the change of circumstances must be either substantial or material. *Id.* 336 S.E. (2d) at 888.

The record before us contains no evidence of either a substantial or material change of circumstances warranting a reduction in child support. On the contrary, the evidence indicates the daughter's needs have not changed and there has been no substantial change in either parties' income. Although it is true the trial judge has the discretion to consider the income of a parent's new spouse in making such a determination, the record is completely devoid of any evidence of Mr. Tuttle's income. *See Sutton v. Sutton,* 291 S.C. 401, 353 S.E. (2d) 884 (Ct. App. 1987). The fact alone that a parent has remarried and had other children is not sufficient to show a change of circumstances warranting modification of child support. We therefore reverse the trial judge's order as to the reduction in Dr. Fischbach's child support obligation.

Mrs. Tuttle further appeals the denial of attorney's fees and costs. Because she has failed to provide any evidence of legal expenses, this court has no basis for reviewing the issue. *See Bungener v. Bungener,* 291 S.C. 247, 353 S.E. (2d) 147 (Ct. App. 1987).

In light of the above findings, we need not address Mrs. Tuttle's contention that the trial judge's order failed to set forth specific findings of fact and conclusions of law to support his decision. The order below is reversed in part and affirmed in part.

BELL and CURETON, JJ., concur.