2019

Carol Lee Rogers TILGHMAN, Respondent v.
Christopher Merrill TILGHMAN, Appellant.[1]
(431 S.E. (2d) 622)

Court of Appeals

*John L. Sherrill*, of *Ruffin & Sherrill*, Surfside Beach; and *Walter J. Wylie*, North Myrtle Beach, *for appellant.*

*David R. Gravely*, of *Bellamy, Rutenberg, Copeland, Epps, Gravely & Bowers*, Myrtle Beach, *for respondent.*

---

[1]We decide this case without oral argument, because oral argument would not aid the Court in resolving the issues.

Submitted April 12, 1993.

Decided June 1, 1993.

*Per Curiam:*

Carol Lee Rogers Tilghman (the mother) sued Christopher Merrill Tilghman (the father) for increased child support and attorney fees. The trial judge found a substantial change of circumstances, namely, the children's increase in needs and a substantial increase in the father's income. Applying the Child Support Guidelines, the trial judge increased child support for the two children from $500 to $1,000 per month and awarded attorney fees to the mother. The father appeals. Taking our own view of the evidence, we find no abuse of discretion by the trial judge and, therefore, affirm. *Townes Assocs., Ltd. v. City of Greenville*, 266 S.C. 81, 221 S.E. (2d) 773 (1976).

On appeal, the father argues that the mother failed to give a specific dollar value for the increased needs of the children and, thereby, did not meet the burden of proof necessary to show changed circumstances.[2] We find it unnecessary to address this argument because, as discussed below, the mother clearly demonstrated a change of circumstances based on the father's substantial increase in income. *See Henderson v. Henderson*, 298 S.C. 190, 379 S.E. (2d) 125 (1989) (family courts are empowered to modify child support upon a proper showing of a change in either the child's needs or the supporting parent's financial ability).

We agree with the father's contention that the mere application of the Guidelines is not a sufficient change in circumstances to increase child support under S.C. Code Ann. section 20-7-852(B) (Supp. 1992). The father, however, concedes that the Guidelines become applicable upon a showing of a substantial change of circumstances under pre-Guidelines law. Accordingly, we find that the mother adequately demonstrated a substantial change of circumstances based on an increase in the father's income. Thus, the Guidelines are applicable, and supply the answer to any question regarding the amount of child support to be paid by the father.

---

[2] We note that the record reflects that the mother testified generally to the increased costs of caring for the parties' children. Most of the increase reflects the natural progression of children into their teen and preteen years, e.g., more food, more clothes, and more extracurricular activities.

Next, the father contends that the trial judge erred in considering the value of his assets that do not produce income. Although the trial judge mentioned these assets, she clearly did not consider them in her Child Support Guidelines computations.[3] Moreover, the father testified that he could have used at least some of them to produce income for child support. We agree with the trial judge that, in this case, the father's failure to use the assets to produce income does not predluce any consideration of them. Thus, we find no error.

The father also argues that he received his year-end partnership draw while the parties were married and, therefore, it was contemplated by the parties at the time of the prior order of support. *See Miller v. Miller,* 299 S.C. 307, 384 S.E. (2d) 715 (1989) (change in circumstances within contemplation of parties at time of initial order does not provide basis for modifying child support award). We find no evidence of record to support his position. The 1988 child support order does not reflect the father's annual year-end partnership draw. Likewise, the father's financial declaration in the 1988 action does not include his 1988 draw as income. Accordingly, it appears from the record that the year-end draw was not considered by the prior order. We also find that the draw constitutes a significant increase in income. *Fischback v. Tuttle,* 302 S.C. 555, 397 S.E. (2d) 773 (Ct. App. 1990) (change of circumstance must be substantial or material).

We hold that the remaining issues raised by this appeal are manifestly without merit. S.C. Code Ann. § 14-8-250 (Supp. 1991). For the foregoing reasons, the appealed order is affirmed.

Affirmed.

---

[3]The trial judge based her Child Support Guidelines calculations on the following: the father's annual salary or guaranteed draw ($60,000); the imputed income resulting from the father's use of a partnership-owned vehicle ($4,430); the father's average year-end draw from the partnership ($34,565.50); and the father's 1990 distribution from Tiente ($8,832.5), another partnership in which the father has an interest. Tiente is the only "asset" the trial judge actually considered, and we find income produced by it is clearly income for the purpose of computing child support.

The resulting obligation for the father was approximately $1,300 per month. The trial judge reduced this to $1,000 per month, thereby preserving the benefit to the father of a mortgage satisfaction agreement between the parties in the 1988 child support order. *See* S.C. Code Ann. § 20-7-852(A) (Supp. 1992) (amount of award under guidelines can be adjusted where appropriate).