THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Rodell Harris, Respondent,
 v.
 William L. Harris, Appellant.
 
 
 

Appeal From Aiken County
 Henry T. Woods, Family Court Judge

Unpublished Opinion No. 2007-UP-497 
 Submitted October 1, 2007  Filed October
 16, 2007

AFFIRMED IN PART; REVERSED IN PART; REMANDED

 
 
 
 Jeffrey Raymond Moorehead, of Aiken, for
 Appellant
 Gary Hudson Smith, III, of Aiken, for
 Respondent.
 
 
 

PER CURIAM: In
 this divorce action, William L. Harris
 (Husband) claims the family court erred in awarding alimony, equitably dividing
 the marital estate, and awarding attorneys fees to his former wife, Rodell
 Harris (Wife).  We affirm in part, reverse in part, and remand.[1]
FACTS AND PROCEDURAL HISTORY
The
 parties were married on March 19, 1982, and separated approximately twenty-one
 years later on October 30, 2003.  At the time of the final hearing Husband was
 seventy-four and Wife was sixty-six.  Both parties are retired. No children
 were born into the marriage. 
In
 November 2003, Wife commenced this action by filing a summons and complaint for
 pendente lite and permanent alimony, equitable division of the marital assets
 including the debts, and attorneys fees. Husband responded requesting an equitable
 division of marital assets and debts.  Husband also requested attorneys fees,
 but later withdrew his request during the final hearing. Following a December
 2003 hearing the family court issued a temporary order granting Wife pendente
 lite alimony in the amount of $400 per month. 
At
 the final hearing on July 12, 2006, the family court heard testimony on the
 parties financial standings and a tax debt from 2003.  Both parties
 also testified regarding their two houses, the nature of their relationship,
 and Husbands often uncompromising and sometimes hostile temperament with
 regard to Wife, her family members, his former attorneys, and contractors. 
On
 August 9, 2006, the family court issued a final order (1) granting the parties
 a divorce on the ground of one years continuous separation, (2) approving the
 parties stipulated division of personal property, (3) finding Husband had
 greater fault in the breakup of the marriage, (4) directing Husband to pay Wife
 $350 per month in alimony, (5) granting the parties house in Saluda to Wife
 and the parties house in North Augusta to Husband, (6) denying Husbands
 request for sweat equity in both houses, (7) finding Wife has no responsibility
 for any of the tax penalties the Husband incurred due to an early withdrawal of
 his savings, and (8) ordering Husband to contribute $5,000 to Wifes attorneys
 fees.  Husband appeals.
STANDARD OF REVIEW
In appeals from the family court, this court has jurisdiction to
 find the facts in accordance with its view of the preponderance of the
 evidence.  Rutherford v. Rutherford, 307 S.C. 199, 204, 414
 S.E.2d 157, 160 (1992).  However, this broad scope of review does not
 require us to disregard the findings of the family court.  Stevenson v.
 Stevenson, 276 S.C. 475, 477, 279 S.E.2d 616, 617 (1981).  We are
 mindful that the family court, which saw and heard the witnesses, was in a
 better position to evaluate their credibility and assign comparative weight to
 their testimony.  Bowers v. Bowers, 349 S.C. 85, 91, 561 S.E.2d
 610, 613 (Ct. App. 2002).  Our broad scope of review also does not relieve appellant
 of his burden to convince this court the family court committed error.  Skinner
 v. King, 272 S.C. 520, 522-23, 252 S.E.2d 891, 892 (1979).
LAW/ANALYSIS
I. Alimony
Husband
 claims the family courts grant of permanent, periodic alimony and the amount
 awarded constitute an abuse of discretion.  More specifically, Husband
 argues that Wife can earn enough to support herself, the family courts final
 award of alimony was based upon the award of pendente lite alimony at the
 temporary hearing, and the family courts finding that he was more responsible
 for the breakup of the marriage erroneously contributed to the decision to
 award alimony. We find no merit in these arguments.
An award of alimony rests within the sound discretion of the
 family court and will not be disturbed absent an abuse of discretion.  Allen v. Allen, 347 S.C. 177,
 183-84, 554 S.E.2d 421, 424 (Ct.
 App. 2001).  Alimony is a substitute for the support which is normally
 incident to the marital relationship.  Johnson v. Johnson, 296 S.C.
 289, 300, 372 S.E.2d 107, 113
 (Ct. App. 1988).  The amount
 of alimony is also within the sound discretion of the family court and should
 not be disturbed on appeal unless an abuse of discretion is shown. Smith v.
 Smith, 264 S.C. 624, 628, 216 S.E.2d 541, 543 (1975). An abuse of
 discretion occurs either when a court is controlled by an error of law or when
 the order, based upon findings of fact, lacks evidentiary support. Townsend
 v. Townsend, 356 S.C. 70, 73, 587 S.E.2d 118, 119 (Ct. App. 2003).  If a
 claim for alimony is well founded, it is the duty of the family court to make
 an alimony award that is fit, equitable, and just.  Allen, 347 S.C. at 184,
 554 S.E.2d at 424. 
 Factors to be considered in making an alimony award
 include: (1) duration of the marriage; (2) physical and emotional health
 of the parties; (3) educational background of the parties; (4) employment
 history and earning potential of the parties; (5) standard of living during the
 marriage; (6) current and reasonably anticipated earnings of the parties; (7) current
 and reasonably anticipated expenses of the parties; (8) marital and non-marital
 properties of the parties; (9) custody of children; (10) marital misconduct or
 fault; (11) tax consequences; (12) prior support obligations; and (13) other
 factors the court considers relevant. S.C. Code Ann. § 20-3-130(C) (Supp. 2006).  
A. Wifes Income
The
 record reflects that the family court properly considered the statutory factors
 of Section 20-3-130(C) of the South Carolina Code (Supp.
 2006), including the parties age, health, retirement status, duration
 of the marriage, fault in the breakup of the marriage, and substantial
 difference in monthly income before awarding alimony in the amount of $350 per
 month to Wife.  In its order the family court
 calculated Husbands and Wifes gross monthly income using the figures
 each party supplied on their 2006 financial statements.  The family court noted
 that Wife receives $608 per month from her pension, $1,413.50 per month from
 Social Security, and $72 per month from her investments, resulting in a total
 monthly income of $1,823.50.  Husband receives $1,423 per month from his
 pension and $1,160 per month from Social Security resulting in a total monthly
 income of $2,583, which is $760 more than Wife receives each month.  
Husbands
 argument that Wife can earn enough to support herself fails to illustrate how
 the family courts award of alimony was based upon an error of law or a lack of
 evidence.  We find no abuse of discretion in the family courts award of
 alimony.
B. Previous Award of Alimony
Husbands
 second argument that the family courts final award of alimony was based upon
 the award of pendente lite alimony at the temporary hearing also fails.  The
 temporary hearing in which Wife was awarded pendente lite alimony in the amount
 of $400 per month occurred over two years prior to the final hearing.  In
 addition, different judges presided over the temporary hearing and the final
 divorce hearing.[2] 
 When a dispute arose during the final hearing regarding both parties failure
 to follow the exact directions of the temporary order, the family court
 remarked that its decisions would not be impacted by another judges long-ago
 ruling on this matter and it could not go back and undo what was done or was
 not done.  The family court directly addressed and dispelled the idea at the
 core of Husbands argument that the alimony award was fashioned due to a prior
 award of pendente lite alimony.
C. Husbands Greater Fault
Husbands
 final argument that the family court improperly considered the parties fault
 in the breakup of the marriage also fails.  Section 20-3-130(C)(10) of the South Carolina Code (Supp. 2006) states that marital fault
 is a proper factor to be considered in the decision to award alimony.  
II. Equitable Distribution of Marital Estate
Husband
 claims the family court did not effect an equitable division of the marital
 estate.  More accurately, Husband argues the family court erred in not
 allocating to Wife part of the nearly $43,000 tax debt incurred by Husband.  Husband
 also argues the family courts finding that Husband is not entitled to sweat
 equity in the parties two houses affected the equitable division of the
 marital estate.  We agree with Husbands assertion that the marital
 estate was not equitably divided, but disagree with Husbands contention that
 the family court erred in denying him sweat equity.
A. Tax Debt
Husband
 incurred tax debt in the summer of 2003 when he withdrew money from his IRA but
 did not file a tax return within the appropriate time.  Husband stated he
 withdrew the money from the IRA because he was not receiving much interest.  Wife
 first learned of Husbands actions when he returned home and told her I cussed
 [the financial advisor] out and took my money out. Neither party knew Husband
 incurred tax liability due to his hasty actions until February 2004. Despite
 being separated, Wife agreed to file a joint tax return which decreased
 Husbands tax penalty to $43,000.  The IRS issued a tax refund in
 response to the parties joint filing, but Wife did not receive any portion of
 the refund.  
We
 initially note that neither party nor the family court asserts the tax debt is
 non-marital property.  Instead, the family court simply apportioned the
 tax debt to Husband in the division of the marital estate.  
The apportionment of marital property will not be disturbed on
 appeal absent an abuse of discretion. Bungener v. Bungener, 291 S.C.
 247, 251-52, 353 S.E.2d 147, 150 (Ct. App. 1987).  Section 20-7-472 of the South Carolina Code (Supp.
 2006) lists fifteen factors for the court to consider in equitably apportioning
 a marital estate. On appeal, this court looks to the overall fairness of the
 apportionment. Johnson v. Johnson, 296 S.C. 289, 300, 372 S.E.2d 107,
 113 (Ct. App. 1988).  If the end result is equitable, it is irrelevant that the
 appellate court would have arrived at a different apportionment. Id.
Here, the
 family court considered the parties (1) stipulation as to the division of
 marital property, (2) two houses, (3) savings and investment plans, and (4)
 monthly income, as well as (5) the length of the marriage, (6) Husbands
 greater fault in the breakup of the marriage, (7) and the alimony award to
 Wife.  Our review of the record convinces us the family court addressed
 factors under the statute governing apportionment with sufficiency to
 indicate the family court was cognizant of those factors.  However, we find the
 overall distribution of sixty-three percent of the marital estate to Wife and
 thirty-seven percent of the marital estate to Husband is not equitable for a
 marriage that lasted twenty-one years. See Smith v. Smith, 294
 S.C. 194, 363 S.E.2d 404 (Ct. App. 1987) (preserving a fifty-fifty
 apportionment of the marital estate in an eighteen year marriage); Griffith
 v. Griffith, 332 S.C. 630, 506 S.E.2d 526 (Ct. App. 1998) (approving a
 fifty-fifty division of marital property in a marriage of twelve years).  Given
 the trend in case law for an equal apportionment of property in a long-term
 marriage, we modify the family courts apportionment of the marital estate by
 awarding Husband forty-five percent of the marital estate and Wife fifty-five
 percent of the marital estate. 
B. Sweat Equity
Husband
 fails to specifically appeal the fact that the family court erred in not
 granting him sweat equity but addresses it in a circumjacent manner claiming
 the absence of such an award affected the equitable division of the marital
 estate.  We find no merit in this argument.  
The
 family court heard extensive testimony regarding Husbands work on the parties
 houses and even divulged its awareness of the skill and labor required to
 perform the alterations Husband made to the houses.  Nevertheless, the family
 court properly found that Husband did not present the proof needed for the
 family court to find the Husbands actions merited any special equity in the
 houses.  See Arnal v. Arnal, 363
 S.C. 268, 294-95, 609 S.E.2d 821,
 835 (Ct. App. 2005) (finding a husband failed to prove his labor made material
 contributions warranting special equity since the husband presented no
 testimony concerning any appreciation in value).  The family court also
 noted that both parties contributed different forms of sweat equity throughout
 the twenty-one year marriage and it would be impossible for the family court to
 measure the value of all those contributions.   
III. Attorneys Fees
Husband
 claims the family court abused its discretion in awarding attorneys fees to
 Wife.  Specifically, Husband argues that once he withdrew his request
 for attorneys fees, the family court should have either abandoned the notion
 of awarding attorneys fees or abandoned the parties settlement proposals[3] and awarded attorneys fees based on what occurred at the final hearing.  Husband
 also argues the family court used its award of alimony as a factor in
 determining Husband should contribute to Wifes attorneys fees. We disagree.
Whether
 to award attorneys fees is a matter within the sound discretion of the family
 court, and the award will not be reversed on appeal absent an abuse of
 discretion.  Bakala v. Bakala, 352 S.C. 612, 633-34, 576 S.E.2d
 156, 167 (2003).  In determining whether an award of attorneys fees
 should be granted, the family court should consider the following: each
 partys ability to pay their own fee, the beneficial results obtained by
 counsel, the financial conditions of the parties, and the effect of the fee on
 each partys standard of living.  E.D.M. v. T.A.M., 307 S.C. 471,
 476-77, 415 S.E.2d 812, 816 (1992).  To determine the amount of attorneys
 fees to award, the family court should consider the nature, extent, and
 difficulty of the services rendered; the time necessarily devoted to the case;
 counsels professional standing; the contingency of compensation; the
 beneficial results obtained; and the customary legal fees for similar
 services.  Glasscock v. Glasscock, 304 S.C. 158, 161, 403 S.E.2d
 313, 315 (1991).
We
 find no abuse of discretion in the award of attorneys fees.  The family court adequately
 considered the factors set forth in Glasscock when awarding attorneys
 fees to Wife.  There is no indication alimony was a factor in the attorneys
 fees.  Further, Wife obtained a beneficial result that was appropriately
 considered by the family court.  
CONCLUSION
We affirm the
 ruling of the family court in regard to the award of alimony, the refusal to
 award sweat equity, and the award of attorneys fees.  We reverse and remand to
 the family court for re-allocation of the marital estate in accordance with
 this opinion.
AFFIRMED IN PART, REVERSED
 IN PART AND REMANDED.
ANDERSON and THOMAS, JJ.,
 and CURETON, A.J., concur.

[1] We decide this case without oral argument
 pursuant to Rule 215, SCACR.
[2] The Honorable Peter R. Nuessle conducted the
 temporary hearing and issued the temporary order. The Honorable Henry T. Woods
 conducted the final divorce proceeding and issued the final order which Husband
 now appeals. Husband does not appeal the temporary order.
[3] The record on appeal did not contain the parties
 pre-hearing settlement proposals.  From the Husbands argument and the family
 courts reference to its review of the settlement proposals, this court can
 infer that the settlement proposals of both parties may have discussed awarding
 attorneys fees.