THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Judith A. Law, Appellant.
 
 
 

Appeal From Orangeburg County
 Diane Schafer Goodstein, Circuit Court
 Judge
Unpublished Opinion No. 2007-UP-557
Submitted November 1, 2007  Filed
 December 14, 2007    
AFFIRMED

 
 
 
 Deputy Chief Attorney for Capital Appeals Robert M. Dudek, of Columbia, for Appellant.
 John Benjamin Aplin, of Columbia, for Respondent.
 
 
 

PER CURIAM:   Judith
 A. Law appeals the probation courts order holding her in contempt.  We affirm.[1]
FACTS
On September 15, 2005, Law was brought before the court for a
 probation revocation hearing.  Law admitted she had violated the terms of her
 probation.  The probation court issued a written order that found Law had
 violated the conditions of her probation, revoked Laws probation, and re-instated
 her suspended five year sentence.  Following sentencing, a probation agent
 presented a Form 9 (revocation order) to Law for her signature.  Law signed the
 revocation order Kiss My Ass and instructed the probation agent to give the
 revocation order to the judge.  The probation agent complied with Laws
 instruction, and the judge scheduled a contempt hearing for later that day.    
Following the hearing, the judge prepared a written order which
 stated that Law had signed the revocation order Kiss My Ass and requested the
 revocation order be taken to the judge and that her request had been fulfilled. 
 The judges order also stated that Law had been held in contempt for her
 conduct.   Law appeals the probation courts order holding her in contempt.          
STANDARD OF
 REVIEW
All
 courts have inherent power to punish for contempt. Curlee v. Howle, 277
 S.C. 377, 382, 287 S.E.2d 915, 918 (1982).  This power is essential to the
 preservation of order in judicial proceedings and the due administration of
 justice.  Id.  The determination
 of contempt ordinarily resides in the sound discretion of the trial judge.  State
 v. Bevilacqua, 316 S.C. 122, 129, 447 S.E.2d 213, 217 (Ct. App. 1994).  An
 appellate court should reverse a decision regarding contempt only if it is
 without evidentiary support or the trial judge has abused his discretion.  Durlach
 v. Durlach, 359 S.C. 64, 70, 596 S.E.2d 908, 912 (2004) (internal quotation
 and citation omitted).  An abuse of discretion occurs either when the court is
 controlled by some error of law or where the order, based upon findings of
 fact, lacks evidentiary support.  Townsend v. Townsend, 356 S.C. 70, 73,
 587 S.E.2d 118, 119 (Ct. App. 2003).
LAW/ANALYSIS
Law argues the probation court erred by holding her in contempt,
 and imposing a ninety day additional sentence, where the record fails to
 disclose the nature of the alleged contemptuous conduct, and whether it
 allegedly occurred in the presence of the court or outside the presence of the
 court.  We disagree.
Clearly, the alleged contemptuous conduct was signing the
 revocation order Kiss My Ass and instructing that the revocation order,
 signed in that manner, be given to the judge.  The revocation order is included
 in the record and is signed Kiss My Ass.  During the contempt hearing, the judge
 stated the probation agent brought the revocation order back to her. 
 Accordingly, the record clearly shows Laws contemptuous conduct. 
We now turn to Laws argument that the record fails to disclose
 whether the contemptuous conduct occurred in the presence of the court or
 outside the presence of the court.  South Carolina courts have always taken a liberal and expansive view of the presence and
 court requirements. This States courts have held the presence of the court
 extends beyond the mere physical presence of the judge or the courtroom to
 encompass all elements of the system. State v. Kennerly, 337 S.C. 617,
 620, 524 S.E.2d 837, 838 (1999).  
No matter where Law signed the revocation order, her conduct was
 in the presence of the judge when she requested the revocation order be given
 to the judge and the judge reviewed the revocation order after receiving it. 
 Given the record before us, it was clearly within the probation courts
 discretion to hold Law in contempt of court.
CONCLUSION
For
 the reason stated above, the order of the trial court is
AFFIRMED.
ANDERSON,
 SHORT, and WILLIAMS JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.