THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR
 RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
George S.
Zokoff, Appellant,
v.
Marisa Lozada, Respondent.
 
 
 

Appeal From Greenville County
Rochelle Y. Conits, Family Court Judge

Unpublished Opinion No. 2012-UP-045
 Heard January 12, 2012  Filed January 25,
2012    

AFFIRMED

 
 
 
 Oscar W. Bannister, of Greenville, for
 Appellant.
 Robert M. Rosenfeld, of Greenville, for
 Respondent.
 
 
 

PER CURIAM:  Appellant George Zokoff appeals from an order of the
 family court denying his request for a modification of child support.  On
 appeal, Zokoff argues the family court erred by refusing to reduce the amount
 of child support he was obligated to pay Respondent Marisa Lozada and by
 refusing to recalculate his income for child support purposes pursuant to the
 child support guidelines.  We affirm.
1.  We find the
 family court did not err by refusing to reduce the amount of child support
 Zokoff was obligated to pay because Zokoff had the means from which he could
 continue to satisfy his child support obligation despite his unemployment.  See Miles v. Miles, 393 S.C. 111, 120, 711 S.E.2d 880, 885 (2011) (providing
 a family court has the authority to modify the amount of a child support award
 upon a showing of a substantial and unanticipated change in circumstances); Calvert
 v. Calvert, 287 S.C. 130, 138, 336 S.E.2d 884, 888-89 (Ct. App. 1985)
 (holding a reduction in the salary or income of a supporting parent does not
 necessarily justify a reduction in child support); Miller v. Miller, 299
 S.C. 307, 310-11, 384 S.E.2d 715, 717 (1989) ("A downward modification in
 child support based upon a decrease in the noncustodial parent's income is not
 warranted absent a strong showing by the party seeking the change that he is no
 longer in a condition to make the support payments prescribed by an earlier . .
 . order."); Eagerton v. Eagerton, 265 S.C. 90, 95, 217 S.E.2d 146,
 148 (1975) (holding when there is sufficient property and a means to continue
 making the ordered payments, the supporting parent is called upon to use those assets
 even where his or her income declines).
2.  We find the
 family court did not err by refusing to recalculate Zokoff's income pursuant to
 the child support guidelines because Zokoff failed to show a substantial change
 in circumstances warranting a modification of his child support obligation.  See Bennett v. Rector, 389 S.C. 274, 281, 697 S.E.2d 715, 719 (Ct. App.
 2010) ("Generally, the family court is required to follow the Guidelines
 in determining the amount of child support."); Tilghman
 v. Tilghman, 315 S.C. 76,
 77, 431 S.E.2d 622, 623 (Ct. App. 1993) (holding child support guidelines
 become applicable only upon a showing of substantial change of circumstances justifying
 a modification of child support);  Futch v. McAllister Towing of Georgetown,
 Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (recognizing an
 appellate court need not address additional issues if the resolution of another
 issue is dispositive).
AFFIRMED.
HUFF, PIEPER,
 and LOCKEMY, JJ., concur.