**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Rosalind V. Key, Appellant,

v.

Harvey G. Key, Respondent.

Appellate Case No. 2017-001855

Appeal From Aiken County
Peter R. Nuessle, Family Court Judge

Unpublished Opinion No. 2020-UP-220
Submitted April 1, 2020 – Filed July 22, 2020

**AFFIRMED**

Leon Edward Green, of Leon E. Green, PC, of Aiken, for Appellant.

Portland Jaye Downing Campanaro, of Evans, Georgia, for Respondent.

**PER CURIAM:** Rosalind V. Key (Mother) appeals the family court's child support order, arguing the family court erred in modifying a previous agreement she had with Harvey G. Key (Father) as to their responsibility for paying for their children's extracurricular activities. Mother also contends the family court erred in calculating

child support and not awarding her retroactive child support.  We affirm.

I.

Mother and Father married in 1999.  They have two children together.  In 2009, the family court granted Mother a divorce based on one year's continuous separation. The divorce decree approved and incorporated the parties' agreement on child support and extracurricular activities expenses, which provided the parties would divide child support and extracurricular activities expenses based on the child support guidelines.  The decree did not state these provisions were unmodifiable.

In May 2010, a family court order set Father's child support obligation at $828 per month.  Several months later the parties went back to family court to "eliminate the back and forth contact between the parties related to the expense for extracurricular activities."  The parties came to an agreement, which the family court approved and incorporated in an order dated October 4, 2010.  This order noted the expenses for extracurricular activities would be $8,500 annually, and Father agreed to pay Mother $1,300 quarterly for his portion of these expenses.  Nothing in the order stated this provision was unmodifiable.

In 2016, Mother brought this action requesting an increase in child support based on a material change in circumstances, alleging Father's income had increased, the children's living and educational expenses had increased, and Mother had been unemployed since July 31, 2015.  Mother requested any increase in child support be retroactive to the date of filing.  In his pleadings, Father alleged he had been paying $941.85 per month in child support and approximately $1,164 per month in extracurricular expenses.  He requested dismissal of the complaint, that extracurricular activity expenses be divided equally between the parties, and that they be required to agree on which extracurricular activities are feasible given their income.

At the hearing, Father testified that at Mother's request, he had purchased a satellite television for her home, furniture, birthday cakes, birthday presents, and a satellite radio for her vehicle.  Mother claimed all of these were extracurricular activities expenses.  Father testified he had to obtain loans from his 401(k) account to pay for these items.  Mother testified that in 2016, she had to take out $35,296 from her retirement account to pay for "the things that [their children] needed to do."  Mother testified she also accumulated $35,897.16 of debt on three different credit cards to pay for their children's expenses.

Father testified his 2016 W-2 showed his gross annual income was $78,498, without any additions, indicating a monthly income of $6,541.50. In the record provided, it does not show Mother objected to this figure. Mother testified Father's 2015 W-2s indicate he made $7,757 per month. Mother filed a financial declaration showing she earned $975 per month; however, there was evidence Mother had previously earned $1,500 per month. The family court imputed $1,500 as Mother's monthly income.

The family court ordered (1) future extracurricular expenses will be equally divided between the parties and shall have a yearly cap of $6,000; (2) Mother shall provide Father a projected estimate of extracurricular activities annually by September 30; (3) payment obligations for the extracurricular activities for each minor child shall terminate upon their eighteenth birthday; (4) Father's child support is set at $1,048 per month until the oldest child emancipates,[1] at which time his child support obligation will be $719 per month. This appeal followed.

## II.

Our standard of review is *de novo*, acknowledging that the family court is in a superior position to gauge witness credibility. *Stoney v. Stoney*, 422 S.C. 593, 595, 813 S.E.2d 486, 486–87 (2018). An appellate court "will affirm the decision of the family court in an equity case unless its decision is controlled by some error of law or the appellant satisfies the burden of showing the preponderance of the evidence actually supports contrary factual findings by th[e appellate] court." *Bauckman v. McLeod*, 429 S.C. 229, 240–41, 838 S.E.2d 208, 213 (Ct. App. 2019) (alterations in original) (quoting *Holmes v. Holmes*, 399 S.C. 499, 504, 732 S.E.2d 213, 216 (Ct. App. 2012)).

## III.

### A. Extracurricular Activity Expenses

Mother argues the family court erred when it modified the parties' previous settlement agreement as to extracurricular activity expenses. We disagree, as the settlement agreement was modifiable.

---

[1] The eldest child turned eighteen in November 2017; child support for the younger child was set at $719 per month. The youngest child will emancipate either May/June 2020 (if she graduated high school this year) or in October 2020 (when she turns eighteen), per the family court's order.

"The family court has exclusive jurisdiction: . . . to modify or vacate any order issued by the court." S.C. Code Ann. § 63-3-530(A)(25) (2009); *see also Terry v. Lee*, 308 S.C. 459, 462, 419 S.E.2d 213, 214 (1992) (holding the family court has exclusive jurisdiction to determine the rights of parties under an agreement that is incorporated into a divorce order). However, "parties may by agreement exclude the family court of jurisdiction to modify any aspect of a separation agreement, except matters affecting children." *Robinson v. Tyson*, 319 S.C. 360, 365, 461 S.E.2d 397, 400 (Ct. App. 1995) (citing *Moseley v. Mosier*, 279 S.C. 348, 351, 306 S.E.2d 624, 626 (1983)). A provision in an agreement purporting to deny the family court jurisdiction must be "explicit, clear[,] and plain." *Id.* (quoting *Moseley*, 279 S.C. at 353, 306 S.E.2d at 627).

The family court had jurisdiction to modify the parties' respective obligations for their children's extracurricular activities expenses for two reasons. First, the 2009 Final Order did not provide the parties' agreement as to extracurricular expenses was unmodifiable. Second, extracurricular activities expenses affect Mother and Father's children and, therefore, are subject to modification by the family court. *Id.* (stating "that the parties may by agreement exclude the family court of jurisdiction to modify any aspect of a separation agreement, except matters affecting children"). Thus, the family court did not err in modifying the extracurricular activities expenses.

B. Child Support

Mother contends the family court erred in calculating child support. We disagree.

"The issue of child support is subject to continuing review by the family court." *Fischbach v. Tuttle*, 302 S.C. 555, 556, 397 S.E.2d 773, 773 (Ct. App. 1990). As such, a "family court has authority to modify the amount of a child support award upon a showing of a substantial or material change of circumstances." *Miller v. Miller*, 299 S.C. 307, 310, 384 S.E.2d 715, 716 (1989). "[C]hild support is always modifiable upon a proper showing of a change in either the child's needs or the supporting parent's financial ability." *Calvert v. Calvert*, 287 S.C. 130, 137, 336 S.E.2d 884, 888 (Ct. App. 1985). The burden is on the party requesting a change in child support to "prove the changes in circumstances warranting a modification." *Miller*, 299 S.C. at 310, 384 S.E.2d at 716.

We affirm the family court's child support award of $1,048. The record is incomplete in regards to the current incomes of both Mother and Father, and the family court was in a better position to assess credibility. *See Stoney*, 422 S.C. at

594–95, 813 S.E.2d at 486–87 (noting during de novo review, appellate courts should remember the family court is in a better position to assess witness credibility, and the appellant has the burden of showing the appellate court that the preponderance of evidence is against the family court); *Harkins v. Greenville County*, 340 S.C. 606, 616, 533 S.E.2d 886, 891 (2000) (holding the appellant has the burden of providing the court with an adequate record). However, the parties stipulated Mother had previously earned $1,500 per month, and this was sufficient to demonstrate she has the capacity to earn income at this level. The 2010 child support order reflects Wife's monthly income was $3,326. The family court may impute income to a party with respect to child support. *Jenkins v. Jenkins*, 401 S.C. 191, 203, 736 S.E.2d 292, 299 (Ct. App. 2012); S.C. Code Ann. Regs. 114-4720(A)(5)(B) (West 2020) ("In order to impute income to a parent who is unemployed or underemployed, the court should determine the employment potential and probable earnings level of the parent based on that parent's recent work history, occupational qualifications, and prevailing job opportunities and earning levels in the community."). The greater weight of the evidence supports the family court's calculation of Father's income and the child support award.

C. Retroactive Child Support

Mother argues the family court erred in failing to award her retroactive child support. "The entitlement to retroactive child support depends upon the facts and circumstances of each case." *Engle v. Engle*, 343 S.C. 444, 453, 539 S.E.2d 712, 716 (Ct. App. 2000) (affirming trial court's decision not to make support award retroactive to date of filing). Based on the extraordinary amounts both Mother and Father have paid for the children's extracurricular activities in this case, the family court did not err in refusing to award retroactive child support to Mother. There was testimony regarding the large amounts of money both Mother and Father had to take out of their respective retirement accounts and the large amount of credit card debt Mother had incurred. The family court found some of the extracurricular expenses Wife had charged Father for were "exorbitant." We therefore decline to disturb the family court's decision not to award retroactive child support.

**AFFIRMED.**[2]

**WILLIAMS, KONDUROS, and HILL, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.