8706

### LYLES v. WILLIAMS.

1. JURISDICTION—INJUNCTION—RECEIVER.—This Court has jurisdiction in an equity case to enquire whether an interlocutory injunction has been properly dissolved and whether it was error to refuse to appoint a receiver.

2. RECEIVER—PARTNERSHIP.—Where the showing is that two persons are engaged in a joint enterprise, and that one of them has full power to collect obligations due them, that he does so collect but neglects to apply them to joint obligations, to the detriment of the joint business, a receiver should be appointed.

Before MEMMINGER, J., Richland, October, 1913. Reversed.

Action by William H. Lyles against T. C. Williams. Plaintiff appeals.

*Mr. D. W. Robinson,* for appellant, cites: *A contract of partnership not limited, may be dissolved at the will of either party:* 168 U. S. 334; 21 Md. 30; 2 Paige Ch. 310; 90 S. C. 95; 30 Cyc. 417; 1 Lindley, sec. 218. *A receiver should be appointed to wind up a partnership:* Collyer on Part., sec. 375; Parsons, 316-7; 2 Lindley 542-3; 63 Am. Dec. 208; 72 Am. St. R. 81; Beach on Rec. 618; Kerr on Rec. 85; 71 Md. 82; 60 Pac. 155; 2 Md. Ch. 157; 21 Mo. 30; 84 Pac. 871; 92 S. W. 266; 129 N. W. 842; 78 S. E. 902; 65 N. C. 162; 86 Ga. 162; 80 S. C. 90; 89 S. C. 463; 53 S. C. 443; 83 S. C. 307. *Not necessary to allege insolvency:* 53 S. C. 443, 78 S. E. 902; 129 N. W. 842; 60 Pac. 155. *Appellant is entitled to injunction:* 80 S. C. 91; 78 S. E. 902; 2 Lindley 542; 21 Md. 30; 63 Am. Dec. 207

*Messrs. Elliott & Herbert* and *Edward L. Craig,* contra, cite: *Appointment of receiver is discretionary and not abused here:* 1 Pom. Rem., sec. 63; 27 S. C. 408; High on Sec. 34; Pom. Eq. Rem., secs. 64, 67. *Sufficient cause not*

*shown:* 1 Pom. Eq. Rem., sec. 78; 27 S. C. 408; High. secs. 497, 491, p. 658.

December 29, 1913.   The opinion of the Court was delivered by

MR. JUSTICE FRASER.   This is an action for an accounting between the plaintiff and the defendant, on account of several business "propositions," in which the parties were jointly interested.   Plaintiff asks for

1. An accounting.
2. The appointment of a receiver.
3. An injunction.

The complaint alleges that the property is in the hands of the defendant and that he has the power to dispose of much of it, and collect the proceeds of sale, without the knowledge or consent of the plaintiff.   Plaintiff alleges that he has frequently demanded statements of account; that sometimes he failed to get statements and when he did get them, they were unintelligible and erroneous.   The defendant, by his return, alleged that the books were at all times open to the plaintiff and that he had rendered all reasonable statements and that these statements seemed to be satisfactory to the plaintiff.

It is unnecessary to state all of the many differences between the parties in this preliminary proceeding.   One is sufficient.   The complaint makes the following allegation:

15. "That in the conduct of their business transactions as above alleged, the defendant and this plaintiff, from time to time, borrowed sums of money from the Union National Bank, from the National Loan & Exchange Bank, and from W. C. Swaffield, all of the city of Columbia, pledging to them respectively, certain bonds and notes due to them, secured by mortgages of lots sold. Collections of the installments due thereon were made by the defendant, and many of such collections have been made by him, but he has neglected and failed to pay over all of the proceeds of such collections to the parties holding such obligations, and has neg-

lected and failed to pay the taxes due on the several pieces of property, in many instances until large penalties have accrued thereon, and still neglects and refuses to pay the taxes due on the property in the city of Hendersonville, North Carolina, and has neglected and failed to pay such joint obligations of himself and this plaintiff as should have been paid by him out of the proceeds of collections of their joint account made by him.'"

This Court sees nothing in the showing of the defendant that denies that these loans were secured; that the joint securities were assigned as collateral; that collections were made on the assigned securities, or that the collections so made were not turned over to the assignees, but were applied to other purposes. It may have been inadvertence not to deny it. It has not been denied and stands as a fact at this state of the case. This practice may be all too common and done by business men who intend to do no harm; but when it is done, the parties cannot complain if the Court enjoins further transactions and appoints its own officer to take charge of the joint property and hold it subject to the future determination of the rights of the parties. It is clearly erroneous not to do it.

A motion was made in the Circuit Court for an injunction and the appointment of a receiver. The defendant's return to the rule consented to the accounting and distribution, but resisted the injunction and receiver. The Court granted a temporary injunction and a rule to show cause why a receiver should not be appointed. Upon the hearing, the appointment of a receiver was refused and the temporary injunction dissolved. From this order the plaintiff appealed. The respondent interposes the following objections:

"(a) That the appointment of a receiver and the granting of an order of injunction, before judgment, is within the discretion of the Circuit Judge, and this Court will not dis-

turb his conclusion unless there has been an abuse of discretion.

"(b) That plaintiff's right to appeal from the interlocutory order is derived from section 11 (D), 4, of the Code of Civil Procedure, under which this Court has appellate jurisdiction for the correction of errors of law only, and the exception alleges no errors of law."

These two will be considered together.   There is a misapprehension as to the meaning of "abuse of discretion."

It is thought to be almost equivalent to "breach of trust" and to import bad faith.   It means that the order is clearly erroneous.

This is a Chancery case and the Constitution requires this Court to "review the findings of fact as well as the law," except in certain cases and this is not within the exception.

The Code, section 11 (D), 4, provides that this Court shall have jurisdiction to review on appeal an interlocutory order refusing an injunction or refusing the appointment of a receiver.   It is, therefore, clearly the duty of this Court to pass upon the questions raised.

"(c) That the showing by plaintiff does not disclose sufficient cause.

"(d) That contradictions are to be found in the affidavits and pleadings on the questions of waste, misappropriations, etc., mentioned in exception (b) and these questions of fact have been determined by the Circuit Court."

The statement above is a full answer to these objections.

"(e) That it would be disastrous to the business." Respondent quotes from *Miller* v. *Land Company,* 53 S. C. 367, 31 S. E. 281, as follows:

"In *Miller* v. *Land Company,* 53 S. C. 367: 'The showing made did not warrant the appointment of a receiver.   While the court of equity, in proper cases, has had the power to place a debtor's property in the hands of a receiver, this power should be exercised with great caution, lest the injury thereby caused be far greater than the

injury sought to be averted.    The movants in this case were threatened with no loss which rendered a receivership necessary.' "

.This case is not applicable here.    This is not the property of a debtor, as such, but the joint property of the plaintiff and defendant.    The great power to dispose of the property without plaintiff's consent and the fact that the defendant has collected or assigned assets and applied the fund to other than the debt for which the assignment was made, make a very different case.

The judgment of this Court is that the order appealed from is reversed, the temporary restraining order revived, and leave is given to the plaintiff to apply to any Circuit Judge having jurisdiction for an order appointing a receiver.