0833

Freda EICHOR (Barrington), Appellant v. Perry R. EICHOR, Respondent.
(351 S. E. (2d) 353)

Court of Appeals

*O. W. Bannister, Jr.,* of *Hill, Wyatt & Bannister,* Greenville, *for appellant.*

*J. D. Todd, Jr.,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for respondent.*

Heard Nov. 11, 1986.

Decided Dec. 15, 1986.

CURETON, Judge:

Freda Eichor Barrington commenced this action against her former husband, Perry R. Eichor, to divide and award her a share of his military retirement benefits in accordance

with the substantive law of Texas. The family court judge dismissed the petition. Mrs. Barrington appeals. We affirm.

The Eichors were divorced by decree of a Texas court on February 5, 1968. The decree awarded child custody, child support, visitation, and division of real and personal property. The parties agree division of military retirement benefits was not litigated and was not mentioned in the decree.

Mr. Eichor, who was in the Air Force for most of the marriage, retired after twenty years of service on July 1, 1975, at which time his pension vested. Both parties have remarried. Mr. Eichor has been a resident of South Carolina since 1979. Mrs. Barrington remains a resident of Texas.

Mrs. Barrington commenced this suit in South Carolina family court in May 1985 for partition of the retirement benefits. Mr. Eichor defended by arguing the Texas decree was res judicata as to all issues which could have been raised, that laches and estoppel barred commencement of this suit seventeen years after the divorce decree, that the six year statute of limitations barred the action, that South Carolina recognizes such pensions as income for consideration in alimony, not as marital property, and that such an award would therefore constitute alimony to a remarried spouse, contrary to the policy of this State. The family court judge agreed with these arguments, and dismissed the petition.

On appeal, Mrs. Barrington argues that her Texas divorce decree is entitled to full faith and credit under the United States Constitution. She further argues that because the decree was silent as to the division of the husband's military retirement benefits, under Texas law such benefits are a part of community property estate and are subject to division at such time as they become vested. We reject this argument for two reasons.

First, our family courts are courts of limited jurisdiction. They are vested with exclusive jurisdiction:

(2) To hear and determine actions:

For divorce a *vinculo matrimonii*, separate support and maintenance, legal separation, and in other *marital litigation* between the parties, and for settlement of all legal and equitable rights of the parties *in such actions*

in and to the real and personal property of the marriage and attorneys' fees, if requested by either party in the pleadings.

Section 20-7-420(2), Code of Laws of South Carolina, 1976 (emphasis added).

Under South Carolina law, the Court of Common Pleas has jurisdiction in all cases of real and personal estates held in joint tenancy or in common to make partition in kind or by allotment. Section 15-61-50, Code of Laws of South Carolina, 1976.

While our Code clearly authorizes the family court to settle property rights in marital litigation, it does not give a former spouse the right to institute a separate action in family court where the relief requested is not incidental to the divorce decree. *See, Sims v. Sims*, 290 S. C. 190, 348 S. E. (2d) 835 (1986); *Fielden v. Fielden*, 274 S. C. 219, 262 S. E. (2d) 43 (1980); *Zwerling v. Zwerling*, 273 S. C. 292, 255 S. E. (2d) 850 (1979); (all directing actions pertaining to separate contract agreements, not divorce decrees, to the Court of Common Pleas).

An action for partition of undivided interests is not marital litigation, and thus is not within the jurisdiction of the family court. Moreover, the Court of Common Pleas has jurisdiction over partition actions. Lack of subject matter jurisdiction cannot be waived and should be taken notice of by this Court on its own motion. *Fielden v. Fielden, supra.*

Secondly, even if this Court determined our family court has jurisdiction over this action, the court would not be required to divide the military retirement benefits.

10 U.S.C.A. Section 1408(c)(1) (Supp. 1985) provides:

a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse *in accordance with the law of the jurisdiction of such court.* (Emphasis added).

Further, under provisions of 10 U.S.C.A. Section 1408(c)(4) (Supp. 1985), South Carolina is the only state authorized to treat the husband's retirement pay. That section states:

A court may not treat the disposable retired or retainer pay of a member in the manner described in paragraph (1) [10 U.S.C.A. Section 1408(c)(1) (Supp. 1985) ] unless the court has jurisdiction over the member by reason of (A) his residence, other than because of military assignments, in the territorial jurisdiction of the court, (B) his domicile in the territorial jurisdiction of the court, or (C) his consent to the jurisdiction of the court.

Therefore, no Texas court may issue any order concerning the husband's retirement pay since he is a resident of South Carolina.

Unlike Texas, the South Carolina Supreme Court has, pursuant to 10 U.S.C.A. Section 1408(c)(1) (Supp. 1985), clearly determined that military retirement benefits are to be treated as income in setting alimony, not as marital property to be divided in equitable distribution. *Haynes v. Haynes*, 279 S. C. 162, 303 S. E. (2d) 429 (1983); *Brown v. Brown*, 279 S. C. 116, 302 S. E. (2d) 860 (1983); *Carter v. Carter*, 277 S. C. 277, 286 S. E. (2d) 139 (1982); *Bugg v. Bugg*, 277 S. C. 270, 286 S. E. (2d) 135 (1982).

Since the disposition of marital property in the Texas divorce decree made no provision for distribution of the husband's military retirement benefits, there is no Texas decree to be accorded full faith and credit by South Carolina courts. *See, Marshall v. Marshall*, 282 S. C. 336, 318 S. E. (2d) 133 (Ct. App. 1984).

While we disagree with the family court's reasoning, we affirm its decision to dismiss Mrs. Barrington's petition. *See, South Carolina Insurance Company v. Brown*, 280 S. C. 574, 313 S. E. (2d) 348 (Ct. App. 1984).

Affirmed.

BELL and GOOLSBY, JJ., concur.