23665

Nancy W. TERRY, Respondent v. Clyde J. LEE, Appellant
(419 S.E. (2d) 213)

Supreme Court

*Harvey L. Golden,* Columbia, and *Douglas K. Kotti,* Lexington, *for appellant.*

*Robert J. Thomas* and *D. Randolph Whitt,* both of *Sherrill and Rogers, P.C.,* Columbia, *for respondents.*

Heard Feb. 19, 1992.

Decided June 8, 1992.

FINNEY, Justice:

Respondent Nancy W. Terry brought this action in the Court of Common Pleas seeking partition of Appellant Clyde J. Lee's military retirement benefits based upon a property settlement agreement incorporated in the parties' decree of divorce. The circuit court denied appellant's motion to dismiss the action for lack of subject matter jurisdiction. We reverse.

The parties were married in 1945, separated in 1966, and divorced in California in 1968. Prior to the Final Judgment of Divorce, the Superior Court of California issued its Interlocutory Judgment of Divorce dated November 1, 1967, which incorporated the terms and provisions of the parties' Property Settlement Agreement dated October 23, 1967. Included in Item 4 of the Agreement was the following provision:

> Each of us hereby warrants to the other that neither of us in now possessed with any property of any kind or description whatever other than the property specifically listed in this agreement, or in any addenda hereto, and that neither of us has made without the knowledge and consent of the other any gift or transfer of any property within the last two years.
>
> If it should hereafter be determined by a court of competent jurisdiction that either of us is now possessed of any property not set forth in this agreement or that one of us has made without the consent of the other any gift or transfer of community property, each of us hereby covenants and agrees to pay the other upon request an amount equal to one-half of the fair market value of such property.

The appellant was a member of the United States Navy throughout the marriage. At the time of the divorce, military retirement benefits were not divisible as marital assets. The

appellant became eligible to receive military retirement benefits upon his retirement in 1972.

In February of 1990, relying upon S.C.Code Ann. § 15-61-50 (1976) and changes in federal and state law, the respondent instituted this action in the Court of Common Pleas for Richland County seeking a division of appellant's retirement benefits pursuant to the 1967 California order. *See* Federal Uniformed Services Former Spouses' Protection Act, 10 U.S.C. § 1408 (1991 Supp.); *Martin v. Martin*, 296 S.C. 436, 373 S.E. (2d) 706 (Ct. App. 1988). Section 15-61-50 provides in pertinent part:

> The court of common pleas has jurisdiction in all cases of real and personal estates held in joint tenancy or in common to make partition in kind or by allotment to one or more of the parties upon their accounting to the other parties in interest for their respective shares . . .

Pursuant to Rule 12(b)(1), SCRP, the appellant moved to dismiss the action for lack of subject matter jurisdiction asserting that respondent's action was "other marital litigation" within the meaning of S.C.Code Ann. § 20-7-420(2) (Supp. 1990), which reposes exclusive jurisdiction in the family court. The circuit judge denied appellant's motion, holding that the court of common pleas was the proper forum since the action merely involved property rights as established under 1967 interlocutory order and was not "marital litigation."

Section 20-7-420(2) states in pertinent part:

> The family court shall have exclusive jurisdiction:
>
> . . . . . .
>
> (2) To hear and determine actions.
>
> For divorce a vinculo matrimonii, separate support and maintenance, legal separation, and in *other marital litigation* between the parties, and for settlement of all legal and equitable rights of the parties in the actions in and to the real and personal property of the marriage and attorneys's fees, if requested by either party in the pleadings. (Emphasis added.)
>
> Separate actions to determine property rights will be considered "other marital litigation" under Section 20-7-420(2)—thereby vesting exclusive jurisdiction in the

family court—if the relief sought is incidental to the decree of

divorce. See *Sims v. Sims*, 290 S.C. 190, 348 S.E. (2d) 835 (1986); *Zwerling v Zwerling*, 273 S.C. 292, 255 S.E. (2d) 850 (1979); *Brown v. Brown*, 295 S.C. 354, 368 S.E. (2d) 475 (Ct. App. 1988); *Eichor v. Eichor*, 290 S.C. 484, 351, S.E. (2d) 353 (Ct. App. 1986)

The record reflects that at the time the parties were divorced, military retirement benefits were not deemed community property and not addressed in the order granting divorce. Pursuant to subsequent modifications concerning spousal entitlement to share in military retirement benefits, the respondent seeks to extend specific provisions of the order of divorce to such property. We construe Section 15-61-50 to provide for the partition of real or personal estates in which it has been established that the parties have an interest. This Court concludes that the prerequisite consideration in the respondent's action is whether or not appellant's military retirement benefits fall within the provisions of the property settlement agreement.

Additionally, respondent's action is grounded upon the property settlement agreement, which was incorporated in and made a part of the 1967 Interlocutory Decree, and the court's order of compliance extends to "each and every provision thereof." Hence, we find that the respondent seeks relief incidental to the order of divorce and that exclusive jurisdiction rests with the family court to determine the rights of the parties under this marital litigation.

For the foregoing reasons, the ruling of the circuit court is reversed.

Reversed.

HARWELL, C.J., and CHANDLER, TOAL and MOORE, JJ., concur.