488 S.E.2d 310

**Dewey C. GILLEY, Appellant,**

v.

**Barbara A. GILLEY, Respondent.**

**No. 24631.**

Supreme Court of South Carolina.

Heard May 8, 1996.
Decided June 9, 1997.
Rehearing Denied July 14, 1997.

James H. Moss, of Moss & Kuhn, P.A., Beaufort, for appellant.

Morris D. Rosen, of Rosen, Rosen & Hagood, P.A., Charleston, for respondent.

FINNEY, Chief Justice:

The appeals of the family court and circuit court orders in this related matter were consolidated. We affirm.

Barbara Gilley (hereinafter wife) brought an action in circuit court seeking to partition property the parties acquired as

tenants-in-common. Wife sought a temporary injunction requiring Dewey Gilley (hereinafter husband) to vacate the property pending resolution of her action. Husband moved for dismissal on the grounds that the family court had exclusive jurisdiction over such matters. After a hearing, the circuit court denied husband's motion and ruled that since the relief sought by wife was not incidental to a divorce action or an action for separate support and maintenance, the circuit court had exclusive jurisdiction. The circuit court also granted wife's motion for temporary injunction and ordered husband to vacate the property.

Husband subsequently brought an action in family court for separate support and maintenance and equitable distribution of marital property. The family court dismissed his action because the prenuptial agreement precluded any claim for equitable apportionment or separate maintenance and the family court lacked jurisdiction to hear this matter. Husband appeals both the circuit court and family court orders.

The circuit court ruled that jurisdiction for the partition action belonged with the circuit court since the action was not incident to any marital litigation at the time wife brought the action. *Terry v. Lee*, 308 S.C. 459, 419 S.E.2d 213 (1992) (family court lacks subject matter jurisdiction to settle a dispute between spouses involving respective interests in property, unless determination is incident to an action requesting an alteration of the marital status). The court of common pleas has jurisdiction in partition actions. S.C.Code Ann. § 15–61–50 (1977). "An action for partition of undivided interests is not marital litigation, and thus is not within the jurisdiction of the family court." *Eichor v. Eichor*, 290 S.C. 484, 351 S.E.2d 353 (1986).

Husband's subsequent action filed in family court seeking equitable distribution and separate maintenance and support raises the question whether the latter action divested the circuit court of subject matter jurisdiction over the partition action.

"The general rule is that jurisdiction of a court depends upon the state of affairs existing at the time it is invoked. If jurisdiction once attaches to the person and

subject matter of the litigation the subsequent happening of events will not ordinarily operate to oust the jurisdiction already attached." *Gardner v. Gardner*, 253 S.C. 296, 170 S.E.2d 372 (1969). Accordingly, the circuit court properly maintained jurisdiction based on the status of the case at the time of filing.

Next, husband asked the family court for an order of separate maintenance requiring the parties to live separate and apart, equitable distribution of the marital home and other personal property, and attorney's fees. The family court dismissed husband's action finding it did not belong in family court since the prenuptial agreement provides that neither party can claim alimony or separate maintenance. Further, the family court dismissed the action because the prenuptial agreement provided that property acquired by the parties during the marriage or owned at the time of the marriage would not be the subject of any claims for equitable apportionment. The family court ruled that any claims arising from property or investments must be asserted in circuit court. We agree.

The family court has exclusive jurisdiction to hear and determine actions for separate support and maintenance, legal separation, other marital litigation between the parties, and for settlement of all legal and equitable rights of the parties in the actions related to the real and personal property of the marriage. S.C.Code Ann. § 20–7–420(2) (Supp.1995). Property excluded by written contract or antenuptial agreement of the parties is excluded from marital property and is considered nonmarital property. S.C.Code Ann. § 20–7–473 (Supp. 1995). The family court does not have authority to apportion nonmarital property. *Id.*

Finally, the circuit court judge concluded after a hearing that wife would suffer serious injury if husband was allowed to stay in the home pending resolution of the partition action. The court found wife demonstrated a great likelihood of success on the merits of her partition action. The circuit court also found husband would not be jeopardized by an injunction nor financially injured by moving to other accommodations. These findings support the court's discretionary decision to issue a temporary injunction. *Lyles v. Williams,*

96 S.C. 290, 80 S.E. 470 (1913)(granting of an injunction is discretionary and the Court will not disturb the conclusions of the circuit judge unless there has been an abuse of discretion showing the order is clearly erroneous). The circuit court did not abuse its discretion in issuing the injunction.

In conclusion, we affirm the circuit court orders finding jurisdiction over the partition action and granting injunctive relief. We affirm the family court on the basis that the prenuptial agreement precluded any claims for equitable apportionment.

**AFFIRMED.**

TOAL, MOORE, WALLER and BURNETT, JJ., concur.