732 S.E.2d 213

**Robin M. HOLMES, Appellant,**

v.

**Rita Kay HOLMES, Respondent.**

**Appellate Case No.2011–191470.**

**No. 5023.**

Court of Appeals of South Carolina.

Heard May 23, 2012.
Decided Aug. 15, 2012.
Rehearing Denied Sept. 20, 2012.

500

Richard H. Rhodes, Murray Noel Turner, III, and Ryan Frederick McCarty, all of Burts Turner & Rhodes, of Spartanburg, for Appellant.

Kenneth Philip Shabel, of Campbell & Shabel, LLC, of Spartanburg, for Respondent.

LOCKEMY, J.

In this appeal from the family court, Robin Holmes (Husband) appeals the family court order requiring he pay Rita Kay Holmes (Wife) $600 per month in alimony. We affirm as modified.

## FACTS/PROCEDURAL BACKGROUND

Husband and Wife were married in 1978 and had two children. The parties separated in 2006, and on October 5, 2007, the family court found Wife was entitled to a divorce from Husband based on one year's continuous separation. The divorce decree incorporated a November 2006 settlement agreement entered into by the parties, which addressed child custody, child support, division of property, and alimony. Pursuant to the settlement agreement, the parties agreed to joint custody of their one minor child, with Wife as the primary custodian.[1] At the time of the settlement, Husband's income was $72,000 per year, and he received a $16,500 bonus.[2] Wife's annual income was $34,000. Based upon these figures, Husband agreed to pay Wife alimony in the amount of $600 per month plus 20% of his gross annual bonus.[3] Additionally, Husband agreed to pay Wife $400 per month in child support.

In May 2009, Husband lost his job with Milliken & Company through no fault of his own after his position was eliminated. On March 4, 2010, Husband filed a complaint seeking a

---

1. The parties' daughter was sixteen-years-old at the time of the settlement agreement, and their son was eighteen-years-old.

2. Husband testified he received a bonus every year, but it is unclear from the record whether he received the same amount every year.

3. After the divorce decree, the parties orally agreed to modify the terms of the alimony payment. Husband began paying Wife $875 per month in lieu of $600 plus bonuses.

termination or reduction in his alimony payment, as well as discovery and attorney's fees.[4] Wife subsequently filed an answer and counterclaim denying Husband's request for termination or reduction in alimony, agreeing to discovery, and denying Husband's request for attorney's fees. The family court issued a temporary order on April 1, 2010, reducing Husband's alimony payment from $600 per month to $150 per month. The family court also required Husband to continue to pay Wife 20% of any bonuses he received. Husband held several jobs between August 2009 and October 2010, and has been employed by American Credit Acceptance since November 2010.

The parties submitted updated financial declarations during a final hearing before the family court in February 2011. In the declarations, Husband reported a gross monthly income of $3,418 [5] ($41,016 per year), and Wife reported a gross monthly income of $3,508 [6] ($42,096 per year). In an April 1, 2011 final order, the family court reinstated Husband's $600 per month alimony payment, but removed the requirement that Husband pay Wife 20% of his gross bonuses each year. The family court found that at the time of the divorce decree, Husband's child support and alimony obligations equaled 16.7% of his gross income, excluding bonuses. The court further found, based on Husband's current gross monthly income, a $600 monthly alimony payment would constitute 17.6% of Husband's gross income. The court noted this was an increase of 0.9%. If the January 2011 bonus was not included in Husband's income, the family court found a $600 monthly payment would constitute 19.6% of Husband's gross income. The court noted this was an increase of 2.9%. Based on the above calculations, the family court held these increases were not substantial and Husband should be required to pay Wife $600 per month in alimony. The family court further found Husband failed to show he was unable to pay Wife $600 per

4. Husband's child support obligation terminated in May 2009 when the parties' minor child turned eighteen.

5. Husband's gross monthly income included $468 in overtime and a $350 January 2011 bonus.

6. Wife has an associate's degree in medical lab technology and is employed by Spartanburg Regional Hospital.

month. Husband subsequently filed a Rule 59(e), SCRCP, motion to reconsider arguing a $600 per month alimony payment would create an undue hardship. The family court denied Husband's motion, and this appeal followed.

## STANDARD OF REVIEW

"The family court is a court of equity." *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011). In appeals from the family court, the appellate court reviews factual and legal issues de novo. *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011). "De novo review permits appellate court fact-finding, notwithstanding the presence of evidence supporting the [family] court's findings." *Lewis*, 392 S.C. at 390, 709 S.E.2d at 654–55. However, this broad standard of review does not require the appellate court to disregard the factual findings of the family court or ignore the fact that the family court is in the better position to assess the credibility of the witnesses. *Pinckney v. Warren*, 344 S.C. 382, 387, 544 S.E.2d 620, 623 (2001). Moreover, the appellant is not relieved of the burden of demonstrating error in the family court's findings of fact. *Id.* at 387–88, 544 S.E.2d at 623. Accordingly, we will affirm the decision of the family court in an equity case unless its decision is controlled by some error of law or the appellant satisfies the burden of showing the preponderance of the evidence actually supports contrary factual findings by this court. *See Lewis*, 392 S.C. at 390, 709 S.E.2d at 654–55.

## LAW/ANALYSIS

Husband argues the family court erred in requiring him to pay Wife $600 per month in alimony. We agree in part.

Generally, the purpose of alimony is to place the supported spouse, to the extent possible, in the position she enjoyed during the marriage. *Allen v. Allen*, 347 S.C. 177, 184, 554 S.E.2d 421, 424 (Ct.App.2001). However, upon a change in circumstances, the family court may modify an alimony obligation. *See Miles v. Miles*, 355 S.C. 511, 516, 586 S.E.2d 136, 139 (Ct.App.2003). Section 20–3–170 of the South Carolina Code provides in pertinent part as follows:

> Whenever any husband or wife, pursuant to a judgment of divorce from the bonds of matrimony, has been required to

make his or her spouse any periodic payments of alimony and the circumstances of the parties or the financial ability of the spouse making the periodic payments shall have changed since the rendition of such judgment, either party may apply to the court which rendered the judgment for an order and judgment decreasing or increasing the amount of such alimony payments or terminating such payments and the court, after giving both parties an opportunity to be heard and to introduce evidence relevant to the issue, shall make such order and judgment as justice and equity shall require, with due regard to the changed circumstances and the financial ability of the supporting spouse, decreasing or increasing or confirming the amount of alimony provided for in such original judgment or terminating such payments.

S.C.Code Ann. § 20–3–170 (1985). Changes in circumstances must be substantial or material to justify modification or termination of an alimony award. *Miles,* 355 S.C. at 519, 586 S.E.2d at 140. Moreover, the change in circumstances must be unanticipated. *Penny v. Green,* 357 S.C. 583, 589, 594 S.E.2d 171, 174 (Ct.App.2004). "The party seeking modification has the burden to show by a preponderance of the evidence that the unforeseen change has occurred." *Kelley v. Kelley,* 324 S.C. 481, 486, 477 S.E.2d 727, 729 (Ct.App.1996).

 "Many of the same considerations relevant to the initial setting of an alimony award may be applied in the modification context as well, including the parties' standard of living during the marriage, each party's earning capacity, and the supporting spouse's ability to continue to support the other spouse." *Miles,* 355 S.C. at 519, 586 S.E.2d at 140. Per statute, the complete list of factors the family court can consider in setting alimony includes: (1) duration of the marriage; (2) physical and emotional health of the parties; (3) educational background of the parties; (4) employment history and earning potential of the parties; (5) standard of living established during the marriage; (6) current and reasonably anticipated earnings of the parties; (7) current and reasonably anticipated expenses and needs of the parties; (8) marital and nonmarital properties of the parties; (9) custody of children; (10) marital misconduct or fault; (11) tax consequences; and (12) prior support obligations; and (13) other factors the court

considers relevant. S.C.Code Ann. § 20–3–130(C) (Supp. 2011).

Here, the family court found Husband's child support and alimony payments constituted 16.7% of his gross income excluding bonuses in 2007, and Husband's alimony payment constituted 19.6% of his gross income excluding bonuses in 2011. The family court determined this increase in the amount of support compared to Husband's gross income was not substantial, and therefore, Husband should be required to pay Wife $600 per month. We find the family court erred in calculating alimony by failing to consider the relevant statutory factors. The family court failed to consider the parties' relevant circumstances, including, but not limited to, their expenses, Husband's financial ability and earning capacity, and whether Husband's change in circumstances was unanticipated. The family court focused only on the percentage of Husband's income constituting alimony.

We find, based upon a consideration of the statutory alimony factors, Husband has demonstrated an unanticipated substantial change in circumstances that justifies a reduction in his alimony payment. After being laid off and finding other employment, Husband's annual income decreased from $88,500 to $41,016. In addition, according to his 2011 financial declaration, Husband's monthly expenses totaled $4,078.79 while his gross monthly income was $3,418. At the family court hearing, Husband testified that even after the court reduced his alimony obligation to $150 in its temporary order, it was still a "strain" to meet his expenses. Although normal decreases in income may not be enough to warrant a decrease in alimony, here, Husband's change in financial situation is material enough to warrant a decrease in his alimony obligation, especially considering Husband is making less than half of his income from 2007. We note that while Husband's financial situation has worsened since 2007, Wife's financial situation has improved. Pursuant to her 2011 financial declaration, Wife's annual income increased from $34,000 to $42,096. Additionally, Wife's monthly expenses totaled $4,629, and she saved $866 per month. The purpose of alimony is to place the supported spouse, to the extent possible, in the position she enjoyed during the marriage, and the record

contains no evidence that Wife was saving over $800 per month during the parties' marriage. *See Allen,* 347 S.C. at 184, 554 S.E.2d at 424 (holding the purpose of alimony is to place the supported spouse, to the extent possible, in the position she enjoyed during the marriage). In that regard, we find Husband should not have to exhaust his resources so Wife can save $866 per month. *See Johnson v. Johnson,* 296 S.C. 289, 300, 372 S.E.2d 107, 113 (Ct.App.1988) ("Alimony is a substitute for the support which is normally incident to the marital relationship."); *see Butler v. Butler,* 385 S.C. 328, 340, 684 S.E.2d 191, 197 (Ct.App.2009) (holding the family court did not err in considering Wife's expenses in calculating Husband's alimony obligation where Wife testified as to the parties' history of spending during their marriage).

After careful consideration of the facts of this case along with the statutory alimony factors, we find Husband is entitled to a reduction in his alimony payment from $600 per month plus 20% of his annual bonus to $275 per month.

## CONCLUSION

We affirm the family court's order requiring Husband pay Wife alimony and removing the 20% bonus provision. However, we find Husband is entitled to a reduction in his alimony payment from $600 per month as ordered by the family court to $275 per month.

**AFFIRMED AS MODIFIED.**

WILLIAMS and THOMAS, JJ., concur.