**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

James Padgett, Appellant,

v.

Mary Padgett, Respondent.

Appellate Case No. 2012-212220

Appeal From Orangeburg County
Anne Gue Jones, Family Court Judge

Unpublished Opinion No. 2013-UP-394
Submitted September 1, 2013 – Filed October 16, 2013

**AFFIRMED**

Michael Pinckney Horger, Sr., of Horger and Connor, LLC, of Orangeburg, for Appellant.

Mary Padgett, of Orangeburg, pro se.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Holmes v. Holmes*, 399 S.C. 499, 504, 732 S.E.2d 213, 216 (Ct. App. 2012) ("In appeals from the family court, the appellate court reviews factual and legal issues de novo."); *id.* ("However, this broad standard of review does not require the appellate court to disregard the factual findings of the family court or

ignore the fact that the family court is in the better position to assess the credibility of the witnesses."); *id.* ("Moreover, the appellant is not relieved of the burden of demonstrating error in the family court's findings of fact."); *id.* ("Accordingly, we will affirm the decision of the family court in an equity case unless its decision is controlled by some error of law or the appellant satisfies the burden of showing the preponderance of the evidence actually supports contrary factual findings by this court."); S.C. Code Ann. § 20-3-130 (B)(1) (Supp. 2012) (stating periodic alimony is "terminable and modifiable based upon changed circumstances occurring in the future"); *Butler v. Butler*, 385 S.C. 328, 336, 684 S.E.2d 191, 195 (Ct. App. 2009) ("The party seeking modification has the burden to show by a preponderance of the evidence that the unforeseen change has occurred." (internal quotation marks and citation omitted)); *id.* ("Changes in circumstances must be substantial or material to justify modification or termination of an alimony award.").

**AFFIRMED.**[1]

**HUFF, GEATHERS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.