756 S.E.2d 398

**Fredda A. Cathey MEEHAN, Appellant,**

v.

**Jerry A. MEEHAN, Sr., Respondent.**

Appellate Case No. 2012–212864.

No. 5210.

Court of Appeals of South Carolina.

Heard Jan. 8, 2014.

Decided March 26, 2014.

474

Candy M. Kern–Fuller, of Upstate Law Group, LLC, of Easley, for Appellant.

Michael F. Mullinax, of Mullinax Law Firm, P.A., of Anderson, for Respondent.

LOCKEMY, J.

In this appeal from a divorce action, Fredda A. Cathey Meehan (Wife) contends the family court erred in (1) finding the parties' prenuptial agreement removed its jurisdiction to enforce and interpret the terms pursuant to *Gilley v. Gilley*, 327 S.C. 8, 488 S.E.2d 310 (1997), (2) ruling the parties agreed that the only issues to be decided were the divorce and child support, and (3) relying upon Rule 2, SCRFC, to deny her motion to amend her complaint to include a request for attorney's fees. We affirm in part, reverse in part, and remand.

**FACTS**

Wife and Husband were married on September 25, 1992. Prior to their marriage, the parties entered into an agreement which provided in part that "[Husband] and [Wife] agree that the only marital property which they will acquire will be that property which is formally titled in both names. [Husband] and [Wife] agree that property acquired after this marriage shall remain non-marital property, so long as same remains legally titled other than jointly." Notably, in paragraph 12, the prenuptial agreement stated:

Both parties agree that the Family Court shall not have jurisdiction over any pre-marital property of either party (the HUSBAND'S pre-marital property being shown by

Exhibit "A"), and over property acquired after the marriage, unless same be titled in joint names, and that this agreement as to the absence of jurisdiction shall be unmodifiable.

Wife and Husband also agreed "to waive alimony from each other," and Wife agreed she would not make a claim against Husband's property, including but not limited to bank accounts, personal property, and retirement, "whether acquired before or after the marriage, so long as this property is not titled in both names." In consideration of the prenuptial agreement, Husband agreed to procure a life insurance policy in the amount of $1,000,000 with Wife as the beneficiary. Husband also agreed that "[u]pon the divorce of the parties, provided that this agreement is upheld by the [Wife], the [Husband] shall pay to the [Wife] the sum of ten thousand and No/100 ($10,000.00) Dollars for each full year that the parties remained married."

On the date of the parties' divorce hearing, May 12, 2012, they had been married in excess of nineteen years. Wife sought to enforce the prenuptial agreement and requested Husband pay $190,000 pursuant to the term within the prenuptial agreement stating that Husband would pay her ten thousand for each full year they were married. Husband presented a motion at the beginning of the hearing and argued the family court lacked jurisdiction to enforce the prenuptial agreement. Husband maintained the Wife must pursue the prenuptial's enforcement in the circuit court.

The family court first found the parties had freely, fairly, and in good faith entered into the prenuptial agreement. The family court then stated that based upon *Gilley v. Gilley*, 327 S.C. 8, 488 S.E.2d 310 (1997), and the clear language of the parties' prenuptial agreement, it did not have jurisdiction to enforce the prenuptial agreement. It further found the prenuptial agreement's provisions were contractual and could only be interpreted and enforced by the circuit court. The family court denied Wife's motion for reconsideration. This appeal followed.

## STANDARD OF REVIEW

" 'The family court is a court of equity.' " *Holmes v. Holmes*, 399 S.C. 499, 504, 732 S.E.2d 213, 216 (Ct.App.2012)

(quoting *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011)). "In appeals from the family court, the appellate court reviews factual and legal issues de novo." *Id.* (citing *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011)). " '*De novo* review permits appellate court fact-finding, notwithstanding the presence of evidence supporting the [family] court's findings.' " *Id.* (quoting *Lewis*, 392 S.C. at 390, 709 S.E.2d at 654–55) (alteration in original). "However, this broad standard of review does not require the appellate court to disregard the factual findings of the family court or ignore the fact that the family court is in the better position to assess the credibility of the witnesses." *Id.* (citing *Pinckney v. Warren*, 344 S.C. 382, 387, 544 S.E.2d 620, 623 (2001)). "Moreover, the appellant is not relieved of the burden of demonstrating error in the family court's findings of fact." *Id.* (citing *Pinckney*, 344 S.C. at 387–88, 544 S.E.2d at 623). "Accordingly, we will affirm the decision of the family court in an equity case unless its decision is controlled by some error of law or the appellant satisfies the burden of showing the preponderance of the evidence actually supports contrary factual findings by this court." *Id.*

## LAW/ANALYSIS

### Jurisdiction

Wife argues the family court erred in finding it did not have jurisdiction to interpret and enforce the prenuptial agreement. She asserts the interpretation and enforcement of the prenuptial agreement were incident to an action requesting an alteration of the marital status, and, thus, *Gilley v. Gilley*, 327 S.C. 8, 488 S.E.2d 310 (1997), did not apply. We disagree.

■ "The family court has exclusive jurisdiction to hear and determine actions for separate support and maintenance, legal separation, other marital litigation between the parties, and for settlement of all legal and equitable rights of the parties in the actions related to the real and personal property of the marriage." *Gilley*, 327 S.C. at 11, 488 S.E.2d at 312 (citing S.C.Code Ann. § 20-7-420(2) (Supp.1995) (current version at S.C.Code Ann. § 63-3-530 (2010))). While we agree the family court in this case would typically have jurisdiction over the issues raised during the parties' hearing, we must examine

whether the prenuptial agreement removed the family court's jurisdiction from some or all of those issues.

When a prenuptial agreement is unambiguous, clear, and explicit, "it must be construed according to the terms the parties have used." *Hardee v. Hardee*, 355 S.C. 382, 387, 585 S.E.2d 501, 503 (2003) (citing *B.L.G. Enters., Inc. v. First Fin. Ins. Co.*, 334 S.C. 529, 535, 514 S.E.2d 327, 330 (1999)). "The judicial function of a court of law is to enforce a contract as made by the parties, and not to rewrite or to distort, under the guise of judicial construction, contracts, the terms of which are plain and unambiguous." *Id.* (citing *S.S. Newell & Co. v. Am. Mut. Liab. Ins. Co.*, 199 S.C. 325, 332, 19 S.E.2d 463, 466 (1942)). "Property excluded by written contract or antenuptial agreement of the parties is excluded from marital property and is considered nonmarital property." *Gilley*, 327 S.C. at 11, 488 S.E.2d at 312 (citing S.C.Code Ann. § 20-7-473 (Supp. 1995) (current version at S.C.Code Ann. § 20-3-630(A)(4) (2014))). "The family court does not have authority to apportion nonmarital property." *Id.* (citing § 20-7-473 (current version at § 20-3-630(B))).

Because the Wife and the family court emphasized our supreme court's decision in *Gilley*, we give a brief synopsis of the case. In *Gilley*, the wife instituted an action in circuit court for the partition of property held by the parties as tenants-in-common and further requested a temporary injunction. 327 S.C. at 9-10, 488 S.E.2d at 311. The husband sought dismissal of all the wife's requests and argued the family court had exclusive jurisdiction over the claims. *Id.* at 10, 488 S.E.2d at 311. The circuit court denied his motion and ruled that because "the relief sought by wife was not incidental to a divorce action or an action for separate support and maintenance, the circuit court had exclusive jurisdiction." *Id.* Subsequently, the husband brought an action in family court for separate support and maintenance and equitable distribution of marital property, but the family court dismissed the action **"because the prenuptial agreement precluded any claim for equitable apportionment or separate maintenance and the family court lacked jurisdiction to hear [the] matter."** *Id.* at 10, 488 S.E.2d at 311-12 (emphasis added); *compare Hardee v. Hardee*, 355 S.C. 382, 386-87, 585 S.E.2d 501, 503 (2003) (finding the parties' prenuptial agreement stated its provisions

"shall in no way affect the property, whether real, personal or mixed which shall be acquired by the parties, whether titled separately or jointly, subsequent to the date of this Agreement," which unambiguously allowed the wife equitable distribution of any and all property acquired by the parties during the marriage). The husband then appealed both the circuit court and family court orders. *Id.* at 10, 488 S.E.2d at 312. Our supreme court determined that the question was whether the husband's latter action divested the circuit court of subject matter jurisdiction over the partition action. *Id.*

Our supreme court found that because the jurisdiction of a court attaches to the person and subject matter of the litigation, any subsequent happenings "will not ordinarily operate to oust the jurisdiction already attached." *Id.* at 10–11, 488 S.E.2d at 312. Thus, the circuit court had properly maintained its jurisdiction over the partition claim based on the status of the case at the time of filing. *Id.* at 11, 488 S.E.2d at 312. Then our supreme court affirmed the family court's dismissal of the husband's request for equitable distribution because the prenuptial agreement provided that property acquired by the parties during the marriage or owned at the time of the marriage would not be the subject of any claims for equitable apportionment. *Id.*

■ In her brief, Wife focused on the portion of *Gilley* in which our supreme court discussed the partition action and when jurisdiction attaches to a particular claim. However, we believe the more pertinent portion involved the husband's request for equitable distribution. The prenuptial agreement here stated the family court would not have jurisdiction over any pre-marital property and property acquired after the marriage, unless same is titled in joint names. The terms stated the absence of the family court's jurisdiction would be unmodifiable. Similar to our supreme court's decision in *Gilley,* we believe the $190,000 Wife requested was nonmarital property according to the terms of the parties' prenuptial agreement, and, thus, the family court was correct in determining that it did not have jurisdiction over that particular issue. Further, we find the record supports the family court's decision that the prenuptial agreement unambiguously removed its jurisdiction from the other issues that Wife raised at trial, with the exception of the divorce and child custody and

support. Thus, we affirm the family court's ruling that it did not have jurisdiction to enforce the prenuptial agreement.

## Issues Before the Family Court

Wife argues the family court erred in finding she agreed that the only issues to be decided were the divorce and child support. She contends the family court's statement was contrary to the record because she argued for not only the $10,000 per year payment, but also a one million dollar life insurance policy and attorney's fees. We agree, but we believe the error was harmless.

 Wife requested the family court decide the issues of the $10,000 per year payment, one million dollar life insurance policy, and attorney's fees. She argued the other issues and preserved these issues for our review. Thus, we believe the family court erred in finding Wife agreed that the only issues to be decided were the divorce and child support. However, the family court ultimately determined the prenuptial agreement removed the family court's jurisdiction over Wife's contested issues, with the exception of divorce and child support. As we explained in the previous section, we believe this statement is correct. Thus, we affirm the family court on this issue because the error was minor and did not affect the substantive outcome. *See Judy v. Judy*, 384 S.C. 634, 646, 682 S.E.2d 836, 842 (Ct.App.2009) ("Error is harmless where it could not reasonably have affected the result of the trial. Generally, appellate courts will not set aside judgments due to insubstantial errors not affecting the result.") (citations omitted).

## Rule 2, SCRFC and Rule 15, SCRCP

 Wife argues that not only was the family court incorrect in its ruling that only the issues of divorce and child support were before it, it also was incorrect in finding that she was not allowed to amend her complaint at the hearing unless consent was given by Husband, pursuant to Rule 2, SCRFC. We find the family court did have jurisdiction to decide Wife was entitled to attorney's fees on the issues of child support

and child custody, and Rule 2, SCRFC, did not necessarily prevent Wife from amending her complaint.

Rule 2, SCRFC, provides:

(a) Domestic Relations Actions. In addition to the rules set forth in Sections I, II and III of these Rules of Family Court, the South Carolina Rules of Civil Procedure (SCRCP) shall be applicable in domestic relations actions to the extent permitted by Rule 81, SCRCP. The following SCRCP, however, shall be inapplicable: 5(a) to the extent it does not require notice to a defendant of every hearing, 8(d) to the extent it provides that the failure to file a responsive pleading constitutes an admission, 12(b) to the extent it permits a 12(b)(6) motion to be converted to a summary judgment motion, 12(c), 13(j), 18, 23, 38, 39, 40(a & b), 42 to the extent it refers to trial by jury, 43(b)(1) to the extent it limits the use of leading questions to cross-examination, 43(i & j), 47, 48, 49, 50, 51, 54(c) to the extent it permits the court to grant relief not requested in the pleadings, 55, 56, 68, 69, 71, 72, 78, 79, and 84.

Rule 15(b), SCRCP, which is applicable to family court pleadings, *Pool v. Pool*, 329 S.C. 324, 327–28 & n. 5, 494 S.E.2d 820, 822 & n. 5 (1998), states:

If evidence is objected to at the trial on the ground that it is not within the issue made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits.

"The focal inquiry in allowing amendment of pleadings is whether doing so will prejudice the opposing party." *Pool*, 329 S.C. at 328, 494 S.E.2d at 822; *see also Foggie v. CSX Transp., Inc.*, 315 S.C. 17, 22, 431 S.E.2d 587, 590 (1993) ("It is well established that a motion to amend is addressed to the sound discretion of the trial judge, and that the party opposing the motion has the burden of establishing prejudice.").

Here, the Wife requested attorney's fees during the trial, and the Husband objected pursuant to Rule 2, SCRFC, because the Wife did not request attorney's fees in her pleadings. The Wife argued Rule 15, SCRCP, allowed the family

court to amend the pleadings to conform to the evidence if it did not prejudice the opposing party.

The family court ruled that because the parties had agreed only the issues of divorce and child support were before the family court, it did not have jurisdiction over the issue of attorney's fees. The family court thus upheld the Husband's objection.

While the parties framed this issue as one that involved the right to amend, the family court first based its decision upon jurisdiction. It then found as an additional sustaining ground that pursuant to the provisions of Rule 2, FCRCP, Wife was not allowed to amend her complaint at the hearing unless consent was given by Husband. The pertinent portion of the parties' prenuptial agreement stated:

> Both parties agree to waive their respective rights to attorney's fees, witness fees, counsel fees or other fees normally incident to the prosecution of actions for divorce or legal separation.

The following paragraph stated the prenuptial agreement did not "pertain to child support nor child custody."

While allowing parties to remove the right of the family court to impose attorney's fees on an uncooperative or deceptive party could result in a great burden on the opposing litigant as well as be costly to the court system, we acknowledge this court has "previously held that despite the general rule that attorney fees are within the discretion of the family court, if an agreement is 'clear and capable of legal construction, the court's only function is to interpret its lawful meaning and the intention of the parties as found within the agreement and give effect to them.' "[1] *Hardee v. Hardee*, 348 S.C. 84, 96–97, 558 S.E.2d 264, 270 (Ct.App.2001), affirmed as modified by

---

[1]. The family court found the prenuptial agreement was valid and enforceable, and Wife does not appeal that ruling. *See Hardee v. Hardee*, 355 S.C. 382, 389, 585 S.E.2d 501, 504 (2003) (stating that when determining whether a prenuptial agreement should be enforced, a court must consider "(1) Was the agreement obtained through fraud, duress, or mistake, or through misrepresentation or nondisclosure of material facts? (2) Is the agreement unconscionable? (3) Have the facts and circumstances changed since the agreement was executed, so as to make its enforcement unfair and unreasonable?"); *see also Holler v. Holler*, 364 S.C. 256, 270, 612 S.E.2d 469, 477 (2005) (finding the

355 S.C. 382, 585 S.E.2d 501 (2003) (quoting *Bowen v. Bowen,* 327 S.C. 561, 563, 490 S.E.2d 271, 272 (Ct.App.1997)).

The parties clearly and unambiguously waived their right to attorney's fees regarding a majority of the issues, but they did not waive their right to attorney's fees as they pertain to child support and child custody. Here, the family court took action regarding child support and child custody and, thus, it had jurisdiction over any attorney's fees that might have been related to those issues.

Additionally, Rule 2, FCRCP, did not prevent Wife from amending her complaint if the Husband could not prove any resulting prejudice. *Pool,* 329 S.C. at 329, 494 S.E.2d at 823 (affirming the award of attorney's fees to the husband pursuant to Rule 15, SCRCP, despite his failure to request them in the pleadings because the wife could not show prejudice). Accordingly, we reverse and remand for the family court to determine whether Wife is entitled to any such attorney's fees that are directly or indirectly associated with child support or child custody.

## CONCLUSION

For the foregoing reasons, we affirm the family court in part, reverse in part, and remand.

HUFF and GEATHERS, JJ., concur.

<hr/>

family court possessed jurisdiction to determine whether the premarital agreement was valid and enforceable).