**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Erick George Johnson, Appellant,

v.

Abigail Marie Williams, Respondent.

Appellate Case No. 2018-000887

Appeal From Lexington County
Knox McMahon, Circuit Court Judge

Unpublished Opinion No. 2021-UP-309
Submitted May 3, 2021 – Filed September 1, 2021

**AFFIRMED**

Herbert E. Buhl, III, of Columbia, for Appellant.

Abigail Marie Williams, Respondent, Pro Se.

**PER CURIAM:** Erick Johnson sued Abigail Williams claiming an interest in the house Abigail bought while she and Erick were a couple. His claims were constructive trust, resulting trust, unjust enrichment, and quantum meruit.

The circuit court dismissed the case pursuant to the doctrine of collateral estoppel. This was grounded on the circuit court's reasoning that all property issues had been resolved in a prior family court case between the parties.

Erick's first argument to this court is that the circuit court improperly converted Abigail's motion to dismiss into a motion for summary judgment. This argument is not preserved for our review. Erick never objected to the circuit court considering matters outside the pleadings, and the first time this issue appeared was in Erick's appellate brief. *See Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 23, 602 S.E.2d 772, 779–80 (2004) ("Issues and arguments are preserved for appellate review only when they are raised to and ruled on by the lower court.").

Erick's second argument is that the family court lacked subject matter jurisdiction over his claims against Abigail. Abigail and Erick's relationship produced two children. After Abigail sued Erick in family court for child support and other relief, Erick counterclaimed that the parties were in a common law marriage. He also alleged he was entitled to an interest in Abigail's house, which was the very same thing Erick later claimed in circuit court.

The family court case was resolved by an order adopting the parties' written agreement. In that agreement, Erick voluntarily dismissed his claims for common law marriage and other relief, with prejudice.

Erick contends that by voluntarily dismissing his claim for common law marriage, he left the family court without subject matter jurisdiction to adjudicate any issues related to Abigail's house or property. We disagree. "Subject matter jurisdiction is 'the power to hear and determine cases of the general class to which the proceedings in question belong.'" *Gantt v. Selph*, 423 S.C. 333, 337, 814 S.E.2d 523, 525 (2018) (quoting *Dove v. Gold Kist, Inc.*, 314 S.C. 235, 237–38, 442 S.E.2d 598, 600 (1994)). The family court unquestionably had jurisdiction over the issues of child support, custody, and visitation at the time Abigail filed her complaint. *See, e.g.*, S.C. Code Ann. § 63-3-530(A) (16), (30) (2010). The family court also had jurisdiction over Erick's counterclaims that the parties were married under common law and for a divorce, division of marital property, and other related relief. *See* S.C. Code Ann. § 63-3-530(A)(2) (2010); *see also Brown v. Brown*, 295 S.C. 354, 358, 368 S.E.2d 475, 477 (Ct. App. 1988) ("Marital litigation is litigation which seeks to alter or terminate the marital status of the parties."). The general rule is that a court's jurisdiction "depends upon the state of affairs existing at the time it is invoked. If jurisdiction once attaches to the person and subject matter of the litigation the subsequent happening of events will not ordinarily operate to oust the jurisdiction already attached." *Gilley v. Gilley*, 327 S.C. 8, 10–11, 488 S.E.2d 310, 312 (1997) (quoting *Gardner v. Gardner,* 253 S.C. 296, 170 S.E.2d 372 (1969)). Indeed, Erick's answer in family court conceded the court had jurisdiction over the suit's claims and the subject matter.

There is also no serious question that the final agreement in family court resolved all issues between the parties. The agreement explained it was full and final with respect to all matters that were raised, or that could have been raised, between Erick and Abigail. And, as already mentioned, Erick's claims were dismissed "with prejudice." Dismissal "with prejudice" bars additional litigation. *See Spence v. Spence*, 368 S.C. 106, 128, 628 S.E.2d 869, 880–81 (2006) ("Dismissal of a case 'without prejudice' means a plaintiff may reassert her complaint by curing defects that led to the dismissal. In contrast, dismissal of a complaint 'with prejudice' is intended to bar relitigation of the same claim.").

Based on the foregoing, we affirm the circuit court's order.

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.