**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Allison Thorpe, Bobby Glascoe, and John Doe,
Defendants,

Of whom Allison Thorpe is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2022-000240

———————

Appeal From Kershaw County
Gwendlyne Y. Jones, Family Court Judge

———————

Unpublished Opinion No. 2023-UP-079
Submitted February 9, 2023 – Filed March 1, 2023

———————

**AFFIRMED**

———————

Melinda Inman Butler, of The Butler Law Firm, of
Union, for Appellant.

Patrick H. Nance, of Patrick H. Nance, Attorney at Law,
of Columbia, as the Guardian ad Litem for Appellant.

Scarlet Bell Moore, of Greenville, for Respondent.

Carrie Hall Tanner, of Speedy, Tanner & Atkinson, LLC, of Camden, for the Guardian ad Litem for the minor child.

_____

**PER CURIAM:** Allison Thorpe (Mother) appeals a family court order terminating her parental rights to her minor child (Child). On appeal, Mother argues the family court erred in finding clear and convincing evidence showed: (1) she had a diagnosable condition unlikely to change within a reasonable time and which made it unlikely she could provide minimally acceptable care for Child, (2) she willfully failed to support Child, (3) she failed to remedy the conditions that caused Child's removal, and (4) Child had been in foster care for fifteen of the most recent twenty-two months. Mother also asserts the family court erred in finding termination of parental rights (TPR) was in Child's best interests. We affirm.

On appeal from the family court, an appellate court "reviews factual and legal issues de novo." *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011). However, an appellate court reviews the family court's procedural rulings for an abuse of discretion. *See Stoney v. Stoney*, 422 S.C. 593, 594 n.2, 813 S.E.2d 486, 486 n.2 (2018).

The family court may order TPR upon finding a statutory ground for TPR is met and TPR is in the child's best interests. S.C. Code Ann. § 63-7-2570 (Supp. 2022). The grounds "must be proved by clear and convincing evidence." *S.C. Dep't of Soc. Servs. v. Parker*, 336 S.C. 248, 254, 519 S.E.2d 351, 354 (Ct. App. 1999).

We hold the family court properly found clear and convincing evidence showed Mother had a diagnosable condition unlikely to change within a reasonable time, which made her unlikely to provide minimally acceptable care for Child. *See* § 63-7-2570(6)(a) (providing a statutory ground for TPR is met when "(i) the parent has a diagnosable condition unlikely to change in a reasonable time . . . and (ii) the condition makes the parent unlikely to provide minimally acceptable care of the child"); § 63-7-2570(6)(c) (providing the Department of Social Services (DSS) "must not terminate the rights of a parent or legal guardian with a disability solely on the basis of the disability"). Initially, we hold the family court did not err in allowing DSS to amend its complaint to conform with the evidence presented at trial regarding Mother's diagnosable condition. *See Stoney*, 422 S.C. at 594 n.2,

813 S.E.2d at 486 n.2 (stating an appellate court reviews the family court's procedural rulings using an abuse of discretion standard). Although Mother objected to the amendment and argued she would be prejudiced by it, she did not object to the qualification of the psychologist, who evaluated her, as an expert; to the testimony of the psychologist regarding her condition; or to the admission of the psychologist's report. Further, Child's guardian ad litem (GAL) indicated the parties had possessed the psychological evaluation report for over one year at the time of the TPR hearing. *See* Rule 15(b), SCRCP ("When issues not raised in the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time . . . ."); *Meehan v. Meehan*, 407 S.C. 471, 480, 756 S.E.2d 398, 403 (Ct. App. 2014) (stating Rule 15, SCRCP, is applicable to family court pleadings).

As to Mother's diagnosable condition, the psychologist testified she diagnosed Mother with an unspecified intellectual disability that was not likely to change within a reasonable amount of time. Although the psychologist stated someone with this diagnosis could properly and adequately parent a child, she concluded Mother would not be able to independently care for Child. She believed Mother "might be reluctant to accept help from institutions," which was "something that someone with some disabilities would absolutely need to be able to do." According to the psychologist, Mother accepted little responsibility for her behavior and had trouble generating solutions to parenting issues. She further stated Mother's dependence on Child's maternal grandmother (Grandmother) made her vulnerable to being taken advantage of, and Mother's relationship with Grandmother would cause Mother to rely on Grandmother's decisions, even if they contradicted what Mother knew was best for Child. The psychologist testified she did not make any recommendations to help reunify Mother with Child because Mother "made it clear she wasn't much interested" in participating in any of the usual treatment services. She concluded that based on the length of time between the inception of the case and Mother's psychological evaluation, Mother would not be successful in establishing the independence necessary to be able to parent Child. Accordingly, we hold clear and convincing evidence supports this ground.

We hold the family court properly found clear and convincing evidence showed Mother failed to remedy the conditions that caused Child's removal. *See* § 63-7-2570(2) (providing a statutory ground for TPR exists when "[t]he child has been removed from the parent . . . and has been out of the home for a period of six months following the adoption of a placement plan by court order . . . and the

parent has not remedied the conditions which caused the removal"). In 2016, Child was removed because of physical neglect and abuse. The family court ordered Mother to complete a placement plan and subsequently returned physical custody of Child to Mother with the caveat that Mother not allow a particular person to have contact with Child. On September 15, 2017, Child returned to foster care because Mother and Grandmother allowed the person to have contact with Child. The foster care case manager explained DSS requested Mother continue to participate in the services that were previously offered and to seek or identify other resources that would support her and help her be able to care for Child; however, despite Mother's participation, Mother's situation had not improved so that she could properly parent Child on her own without additional support. As discussed above, the psychologist who performed Mother's psychological evaluation similarly concluded Mother would not be able to independently care for Child. Although Mother is to be commended for complying with the court-ordered placement plan, because Mother has not remedied the behavior that resulted in Child's removal, we hold clear and convincing evidence supports this ground.

We hold the family court properly found clear and convincing evidence showed Child had been in foster care for fifteen of the most recent twenty-two months. *See* § 63-7-2570(8) (stating a statutory ground for TPR is met when "[t]he child has been in foster care under the responsibility of the State for fifteen of the most recent twenty-two months"). At the time of the TPR hearing, Child had been in foster care continuously for over four years. Although some of the delay was due to COVID, the evidence showed at least twenty-one months of the delay was attributable to Mother's inability to provide Child with an adequate home environment. *See S.C. Dep't of Soc. Servs. v. Sarah W.*, 402 S.C. 324, 336, 741 S.E.2d 739, 746 (2013) ("[S]ection 63-7-2570(8) may not be used to sever parental rights based solely on the fact that the child has spent fifteen of the past twenty-two months in foster care. The family court must find . . . that the delay in reunification of the family unit is attributable not to mistakes by the government, but to the parent's inability to provide an environment where the child will be nourished and protected."). Accordingly, we hold clear and convincing evidence supports this ground.[1]

---

[1] Because we hold clear and convincing evidence supports three statutory grounds for TPR, we need not address Mother's remaining argument regarding whether clear and convincing evidence showed she willfully failed to support Child. *See S.C. Dep't of Soc. Servs. v. Headden*, 354 S.C. 602, 613, 582 S.E.2d 419, 425 (2003) (declining to address a statutory ground for TPR after concluding clear and convincing evidence supported another statutory ground).

We hold TPR is in Child's best interests.  *See S.C. Dep't of Soc. Servs. v. Smith*, 343 S.C. 129, 133, 538 S.E.2d 285, 287 (Ct. App. 2000) ("In a [TPR] case, the best interests of the children are the paramount consideration."); *Sarah W.*, 402 S.C. at 343, 741 S.E.2d at 749-50 ("Appellate courts must consider the child's perspective, and not the parent's, as the primary concern when determining whether TPR is appropriate.").  The psychologist testified Mother had an unspecified intellectual disability, and Mother's diagnosis required extra support that did not seem to be in place.  The psychologist opined Mother would not be able to parent Child, and the foster care case manager and the GAL similarly testified they did not believe Mother could care for Child.  Additionally, at the time of the TPR hearing, Child had been in foster care for four continuous years, and although Child required a high level of care by the foster parents, Child was doing well in her pre-adoptive foster home and had bonded with her foster family.  The foster care case manager and the GAL believed TPR was in Child's best interests, and the GAL testified it would be "devastating" to remove Child from her foster home.  Based on the foregoing, we hold TPR is in Child's best interests.

**AFFIRMED.**[2]

**KONDUROS and VINSON, JJ., and LOCKEMY, A.J., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.